UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6079**

**CIV - DIMITROULEAS**

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

    Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

    Defendant.

_____/

CASE NO.:
Magistrate Judge:

MAGISTRATE JUDGE
JOHNSON

NIGHT BOX
FILED

JAN 14 2000

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES
## AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, BLANCHE BENFORD, CLAVEDIA BROS and MADIE MOORE, by and through their undersigned counsel, and herewith file this *Complaint for Equitable Relief and Damages and Demand For Jury Trial* in the above-captioned matter, as follows:

**I.   NATURE OF THE CLAIM**

1.   This is an action brought by the above referenced Plaintiffs, BLANCHE BENFORD, CLAVEDIA BROS and MADIE MOORE (hereinafter referred to as "Plaintiffs") against NORTHWEST AIRLINES, INC. (hereinafter referred to as "NWA," the "Company" or the "Defendant"). Plaintiffs seek declaratory and injunctive



relief and monetary damages as a result of Defendant's continuing deprivation of rights accorded to Plaintiffs under the Civil Rights Act of 1871, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. 2000e et seq. and 42 U.S.C. §1985(2). Plaintiffs demand trial by jury on all issues.

2. Defendant NWA has maintained a system of discrimination and fostered racial and gender prejudice. At NWA facilities, supervisors and white employees routinely address and refer to African-Americans as "niggers" or "Indian princesses" and repeatedly make demeaning and derogatory statements to its female employees. African-Americans and /or female employees of NWA have frequently in their work environment been subjected to the presentation of nooses, confederate flags, misogynist and racist graffiti, "jokes" and comments which debase, degrade and demean African-American and/or female employees. NWA's discriminatory human resource practices are part of the Company's "good ole boy" environment which has suppressed the career development of female and/or African-American employees.

3. As evidence of the pattern and practice of race and gender discrimination, Plaintiffs allege the following specific examples of disparate treatment by NWA:

    a. A comparison of white and African-American supervisors illustrates promotional and advancement disparities which adversely affect African-Americans.

    b.    NWA supervisors routinely create, promote and/or allow racist conduct and exploitive activities in the workplace that are openly hostile to African-Americans.

    c.    NWA supervisors routinely allow behavior and activities in the workplace that are hostile to women.

    d.    Male supervisors of NWA have allowed women to be subjected to countless demeaning measures which stigmatize and disparage them in the workplace, such as referring to women by derogatory terms including but not limited to "Indian princess."

    e.    NWA supervisors refused leave, Family Medical Leave, disability leave, and other leave to African-Americans and/or females that is given to white employees.

4.    Unless NWA's wrongful system of discrimination is enjoined and restrained, it will continue unabated into the future and further threaten, humiliate and infringe upon the rights of African-Americans and women in the workplace.

5.    The discriminatory systems challenged herein are designed, implemented and administered by a nearly all-Caucasian staff of supervisors and managers. NWA's "glass ceiling" problems are reflected in the paucity of female or African-American persons who hold supervisory or managerial positions.

6.    The discrimination experienced by the named Plaintiffs illustrate a statistically significant pattern and practice of discrimination rather than a chance occurrence. Moreover, the discrimination experienced by Plaintiffs mark a system that has been and is of a continuing nature. Absent injunctive relief, Defendant's

discriminatory system will persist unaltered.

## II. JURISDICTION

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief: (i) under and Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 22 U.S.C. §2201; (iii) under 42 U.S.C. §1981; (iv) under 42 U.S.C. §2000e et seq.; (v) under 42 U.S.C. §2002, et seq.; and (vi) 29 U.S.C. §621 et seq.

8.  Venue is proper in this District pursuant to 28 U.S.C. 1391(b), because Defendant has offices, conducts business and can be found in the Southern District of Florida.

## III. PARTIES

### Plaintiffs:

9.  Plaintiffs are adult African-American females who are or were employees of Defendant NWA.

### Defendant:

10.  Defendant NWA is a corporation which maintains a principal place of business in the state of Minnesota. Defendant NWA owns and operates a facility in this judicial district of Florida. NWA flies its airplanes and provides air transportation

throughout the United States.

## IV. CONDITIONS PRECEDENT

11. In 1997, the named Plaintiffs in this action filed timely complaints on behalf of themselves and those similarly situated with the Equal Employment Opportunity Commission ("EEOC"). On or about October 16, 1998, the EEOC issued the named Plaintiffs Right to Sue letters in connection to their individual and class claims.

12. Defendant NWA has engaged in a continuing pattern, practice and system of racial and gender discrimination at least since September 1991. As part of that pattern, practice and system, Defendant NWA has in the past and continues to discriminate against qualified African-American and female employees: (1) by denying those employees the opportunity for promotion and by refusing to promote qualified female and African-American employees; (2) by concealing information from female and African-American employees about promotional opportunities and available positions within the Company; (3) by misrepresenting facts to female and African-American employees regarding the availability of promotions and certain positions as well as their qualifications for those positions; (4) by using different promotion "qualification tests" for African-American and female candidates than those given to Caucasian males; (5) in the terms and conditions of employment, by not allowing

female and African-American employees to acquire the experience and opportunities necessary to obtain the qualifications to be promoted; (6) by discriminatorily and unfairly applying disciplinary actions against African-Americans and women; (7) by creating a hostile work environment for both women and African-Americans; (8) by concealing discrimination practices; (9) by refusing to train African-Americans and women to be qualified to hold higher positions within the Company; and (10) by subjecting African-American and female employees to a hostile working environment.

13. NWA has been able to effectuate this scheme of race and gender discrimination by, *inter alia*:

   a. Filling supervisory, managerial or professional level job openings through word-of-mouth recruitment which is entirely subjective and unfairly restricts the promotion of qualified minorities.

   b. Generally failing to publicly post job openings for promotions.

   c. Withdrawing the posting of certain positions when African-Americans or women are the most qualified employees to receive that position.

   d. Failing to maintain an objective system for creating new jobs, including title, salary and responsibilities.

   e. Failing to select female or African-American employees for promotions on the basis of criteria which have been shown to be relevant and necessary

to job performance as required by 29 C.F.R. §1607.

    f.    Failing to promote African-American or female employees to higher level managerial, supervisory or professional jobs.

    g.    Delegating its female and African-American employees to jobs with less visibility, prestige, responsibility and prospects for promotion than those held by equally qualified Caucasians.

    h.    Promulgating considerably more difficult "job qualification" tests and/or requirements for women and African-Americans than those given to Caucasian males.

    i.    Maintaining and promoting a pervasive atmosphere perpetuating discriminatory and hostile treatment of female and African-American employees.

    j.    By switching job selection criteria back and forth between seniority and company select depending on which method insured that a white applicant would be promoted.

14.    In order to effectuate its scheme of denying African-American and female employees the opportunity for promotion, NWA relies upon subjective rather than objective criteria. These criteria are not unilaterally or equally applied to members of African-American origin and females. As a result, African-American and female employees are systematically disadvantaged in seeking and obtaining promotions at all

levels of NWA when compared with similarly situated Caucasian males. Promotions are based upon an entirely subjective, highly discretionary selection process which is almost always administered by Caucasian male supervisors. While the selection criteria are touted as "facially neutral," this highly discretionary selection process has resulted in a disproportionately low number of employees who are female or African-American being promoted.

15. NWA's discriminatory policies and practices are designed, implemented and utilized to disadvantage its African-American and female employees. The unlawful policies and practices alleged herein have been developed and furthered through decision-making by a managerial and executive staff that is almost exclusively comprised of Caucasian males.

16. NWA's practices and policies are intentionally calculated to deny African-American and female employees equal treatment guaranteed by federal law. NWA discriminates against African-Americans and females willfully, intentionally and recklessly.

17. NWA has condoned and/or orchestrated the continued existence of a work environment that is hostile to African-Americans and women. In furtherance of its discriminatory practices, NWA has knowingly permitted and ignored its supervisor's and employee's humiliating remarks about African-American and female employees.

Supervisors have created, distributed and posted materials, or allow white employees to create, distribute and post materials that are hostile to African-Americans and women, which humiliate, degrades and dishonors African-American and female employees and creates a hostile and caustic work environment.

18. In addition, NWA has fabricated pretextual reasons to prevent African-American and female employees from getting promoted to supervisory positions or positions with higher pay. NWA supervisors will evade promoting qualified African-American and female employees by fabricating subjective excuses such as "the employee lacks initiative," "the employee is not motivated" or "the employee needs a different license." These reasons are purely pretextual and do not accurately represent the qualifications nor capabilities of NWA's African-American and female employees.

19. From the date of their first employment at NWA to the present, NWA has continuously discriminated against Plaintiffs on the basis of their race, skin color and/or gender, by engaging in a systematic pattern and practice of unlawful employment practices. The discrimination that each named Plaintiff has experienced at NWA constitutes continuing violations that must be halted and remedied *inter alia* through injunctive relief.

V. **ALLEGATIONS OF GENDER DISCRIMINATION CLAIMS**

20. In addition to the discrimination discussed above, NWA has made a

concerted effort to discourage, demean and demoralize women in the workplace. As alleged herein above, NWA supervisors have routinely distributed lewd, offensive and misogynist materials in the workplace and have stigmatized and demoralized women -- even going so far as to have male supervisors burst into the lady's restroom without warning to give orders to female employees.

21.  As alleged above, Defendant NWA has systematically discriminated against its female employees since at least September 1991. As a result, Defendant's conduct constitutes a continuing violation of Title VII since at least September 1991.

22.  Plaintiffs are informed and believe and, based thereon, allege that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against them which are not yet fully known. At such time as said discriminatory practices become known to them, Plaintiffs will seek leave of Court to amend this Complaint to include such practices.

23.  Plaintiffs are informed and believe and, based thereon, allege that the outrageous conduct of Defendant described herein was done with oppression and malice; with a conscious disregard for their rights; and with intent, design and purpose of injuring Plaintiffs. Further, Plaintiffs are informed and believe that Defendant through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified such unlawful conduct. By reason thereof, Plaintiffs are entitled to

punitive or exemplary damages from Defendant in a sum according to proof to be presented at trial.

VI. **ALLEGATIONS OF RACIAL DISCRIMINATION**

24. NWA maintains certain policies and practices that intentionally discriminate against salaried African-Americans.

25. NWA maintains a pattern and practice of discriminating against African-American employees by failing or refusing to promote, failing or refusing to properly train, and by maintaining a hostile working environment by allowing racially offensive materials to de disseminated in and about its workplace, allowing, ignoring or subversively promoting and perpetuating racially offensive language to be used, and by allowing physical violence against African-Americans.

26. Specifically, NWA discriminates against African-Americans by applying more severe policy and standards against its African-Americans than against its white employees.

## COUNT I

### Race Discrimination In Violation of 42 U.S.C. §1981

27. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 26, and incorporates same by reference as though fully set forth herein.

11

28.  Defendant NWA has intentionally discriminated against Plaintiffs in violation of Section 1981 of the Civil Rights Act of 1871: (1) by denying those employees the opportunity for promotion and by refusing to promote qualified minority employees; (2) by concealing information from African-American employees about promotional opportunities and available positions within the company; (3) by misrepresenting facts to African-American employees regarding availability of promotions and certain positions as well as their qualifications for those positions; (4) in the terms and conditions of employment, by not permitting minorities to acquire the experience and opportunities necessary to obtain the qualifications to be promoted; (5) by discriminatorily applying disciplinary rules against African-American employees; and (6) by creating a racially hostile work environment.

## COUNT II

### Race Discrimination In Violation of 42 U.S.C. §2000e et seq.

29.  Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28, and incorporates same by reference as though fully set forth herein.

30.  Defendant NWA has intentionally discriminated against the African-American Plaintiffs in violation of Title VII of the 1964 Civil Rights Act: (1) by denying those employees the opportunity for promotion and by refusing to promote

12

qualified minority employees; (2) by concealing information from African-American employees about promotional opportunities and available positions within the company; (3) by misrepresenting facts to African-American employees regarding availability of promotions and certain positions as well as their qualifications for those positions; (4) in the terms and conditions of employment, by not permitting minorities to acquire the experience and opportunities necessary to obtain the qualifications to be promoted; (5) by discriminatorily applying disciplinary rules against African-American employees; (6) by creating a racially hostile work environment, and (7) by creating and implementing facially neutral rules, which in application, have a disparate impact on African-Americans.

## COUNT III

### Gender Discrimination In Violation of 42 U.S.C. §2000e et seq.

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30, and incorporates same by reference as though fully set forth herein.

32. Defendant NWA has intentionally discriminated against female Plaintiffs in violation of Title VII of the 1964 Civil Rights Act: (1) by denying those employees the opportunity for promotion and by refusing to promote qualified female employees; (2) by concealing information from female employees about promotional opportunities

and available positions within the company; (3) by misrepresenting facts to female employees regarding availability of promotions and certain positions as well as their qualifications for those positions; (4) in the terms and conditions of employment, by not allowing women to acquire the experience and opportunities necessary to obtain the qualifications to be promoted; (5) by discriminatorily applying disciplinary rules against females; (6) by creating a hostile work environment for women; and (7) by creating and implementing facially neutral rules, which in application, have a disparate impact on female employees.

## COUNT IV

### Intentional Interference With Right To Contract

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32, and incorporates same by reference as though fully set forth herein.

34. Plaintiffs were discharged from their positions because of protesting against Defendant's pattern and practice of racial discrimination.

35. By its actions, Defendants intentionally interfered with Plaintiffs right to contract for employment.

## COUNT V

## Violation of Title I of the ADA - 42 U.S.C. §§12101-12213

36. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35, and incorporates same by reference as though fully set forth herein.

37. Defendant perceived Plaintiff Blanche Benford as having an impairment that substantially limited the major life activity of working.

38. Plaintiff Blanche Benford was discriminated against because of the disability.

39. As a direct result of Plaintiff Blanche Benford's disability, she was eventually terminated.

40. As a direct and proximate result of the actions and inactions alleged on part of Defendant, Plaintiff Blanche Benford has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Enter a judgment that the acts and practices of Defendant NWA

complained of herein are in violation of the laws of the United States.

2. Enter preliminary and permanent relief enjoining Defendant's discriminatory conduct and practices.

3. Award Plaintiffs lost wages, including lost fringe benefits and back pay, including without limitation, any lost benefits that would have otherwise been included in Plaintiffs' 401(k) pension plans, which resulted from Defendant's illegal discrimination.

4. Award Plaintiffs general compensatory damages.

5. Award Plaintiffs punitive and exemplary damages in an amount sufficient to deter, prevent and/or punish Defendants discriminatory and illegal conduct and practices.

6. Award Plaintiffs all costs of this action, including the fees and costs of experts, together with reasonable attorney's fees.

7. Grant an order restraining NWA from any retaliation against any Plaintiffs for participation in any form of this litigation.

8. Grant Plaintiffs such other and further relief as this Court finds necessary and proper.

DATED this _14th_ day of _January_, 2000.

                Respectfully submitted,

                THE ROSE LAW FIRM, P.A.
                Counsel for Plaintiffs
                215 Fifth Street, Suite 305
                West Palm Beach, FL 33401
                Tel: 561-655-5113
                Fax: 561-833-0417

                By: _____
                JACOB A. ROSE
                Florida Bar No. 212202

F:\WPDOCS\MARVA\BENFORD\COMPLAINT

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BLANCHE BENFORD, CLAVEDIA BROS, and MADIE MOORE

## DEFENDANTS
NORTHWEST AIRLINES, INC.

00-6079 CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **PASCO**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **DADE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

NIGHT BOX FILED JAN 14 2000
CARLOS JUENKE
CLERK, USDC/SDFL/FTL

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jacob A. Rose, The Rose Law Firm, P.A.
215 Fifth Street, Suite 305
West Palm Beach, FL 33401 Tel: (561)655-5113

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

CA# A-0:00-cv6079-WPD

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl. Veterans | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 340 Marine / ☐ 370 Other Fraud | B☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage |  |  | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) |  |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 871 IRS - Third Party 26 USC 7609 | A OR B |
| ☐ 290 All Other Real Property |  | B☐ 550 Civil Rights / B☐ 555 Prison Condition | A☐ 791 Empl. Ret. Inc. Security Act |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiffs seek redress under: Civil Rights Act of 1871, as amended, 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. and 42 U.S.C. Section 1985(2) for race and gender discrimination.

LENGTH OF TRIAL via 14 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 14 January 2000
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 518315   AMOUNT $150.00   APPLYING IFP _____   JUDGE 01-18-00   MAG. JUDGE _____