## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case No. 00-6079–Civ–Dimitrouleas/Johnson**

BLANCHE BENFORD,  )
CLAVEDIA BROS, and  )
MADIE MOORE  )
       )
    Plaintiffs,  )
       )
vs.  )
       )
       )
NORTHWEST AIRLINES, INC.,  )
       )
    Defendant.  )

FILED by ___ D.C.

**MAY 1 9 2000**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ANSWER OF DEFENDANT NORTHWEST AIRLINES, INC.
## TO COMPLAINT OF PLAINTIFFS BLANCHE BENFORD,
## CLAVEDIA BROS, AND MADIE MOORE

COMES NOW Defendant Northwest Airlines, Inc. (hereinafter "Northwest" or "Defendant"), by and through the undersigned counsel, and answers the "Complaint for Equitable Relief and Damages and Demand for Jury Trial" filed by Plaintiffs Blanche Benford, Clavedia Bros, and Madie Moore (hereinafter collectively referred to as "Plaintiffs"), as follows:



### RESPONSES TO INDIVIDUAL PARAGRAPHS
### OF PLAINTIFFS' COMPLAINT

Responding to the numbered paragraphs of the Complaint, Defendant answers as follows:

### NATURE OF THE CLAIM

1.

Defendant admits that Plaintiffs purport to bring this action under the Civil Rights Act of 1871, as amended, 42 U.S.C. §§ 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*; and 42 U.S.C. § 1985(2). Except as expressly admitted herein, Defendant denies the allegations in paragraph 1 of the Complaint.

2.

Defendant denies the allegations in paragraph 2 of the Complaint.

3.

Defendant denies the allegations in paragraph 3 of the Complaint, including the allegations in each and every subpart of paragraph 3 of the Complaint.

4.

Defendant denies the allegations in paragraph 4 of the Complaint.

5.

Defendant denies the allegations in paragraph 5 of the Complaint.

6.

Defendant denies the allegations in paragraph 6 of the Complaint.

## JURISDICTION

7.

Defendant admits that Plaintiffs are claiming that this Court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1343; 22 U.S.C. § 2201; 42 U.S.C. § 1981; 42 U.S.C.

§§ 2000e. *et seq.*; and 42 U.S.C. §§ 2002. *et seq.*; and 29 U.S.C. §§ 621. *et seq.*[1]  Except

as expressly admitted herein. Defendant denies the allegations in paragraph 7 of the

Complaint.

8.

Defendant admits that venue is proper over Plaintiffs' action, as alleged, under 28

U.S.C. § 1391, but only to the extent Plaintiffs claim that the alleged misconduct occurred

within this district.  Except as expressly admitted herein. Defendant denies the allegations

in paragraph 8 of the Complaint.

---

[1]Defendant is unclear how 42 U.S.C. §§ 2002, *et seq.* applies to Plaintiffs' claims.
This section of the Code deals with the transfer of Indian hospitals and health facilities to
a State or private institution.  Plaintiffs' citation to 29 U.S.C. §§ 621, *et seq.* is also
unclear since Plaintiffs have not made a claim for age discrimination in their Complaint.

3

## PARTIES

### Plaintiff

9.

Answering paragraph 9 of the Complaint, Defendant states that on information and belief, Plaintiffs Blanche Benford, Clavedia Bros, and Madie Moore are all adult African-American female employees or former employees of Defendant Northwest Airlines. Except as expressly admitted herein, Defendant denies the allegations in paragraph 9 of the Complaint.

### Defendant

10.

Defendant admits the allegations in paragraph 10 of the Complaint.

## CONDITIONS PRECEDENT

11.

Defendant denies that Plaintiffs filed timely complaints on behalf of themselves and those similarly situated with the Equal Employment Opportunity Commission ("EEOC"). Defendant admits that on or about October 16, 1998, the EEOC issued a "Right to Sue" notice to Plaintiffs Benford and Moore. Defendant denies that on or about October 16, 1998, the EEOC issued a "Right to Sue" notice to Plaintiff Bros. Defendant further denies that the EEOC issued Plaintiffs "Right to Sue" letters in connection with class claims, or each of their individual claims as set out in the Complaint. Except as expressly admitted herein,

4

Defendant denies the allegations in paragraph 11 of the Complaint.

12.

Defendant denies the allegations in paragraph 12 of the Complaint, including the allegations in each and every subpart of paragraph 12 of the Complaint.

13.

Defendant denies the allegations in paragraph 13 of the Complaint, including the allegations in each and every subpart of paragraph 13 of the Complaint.

14.

Defendant denies the allegations in paragraph 14 of the Complaint.

15.

Defendant denies the allegations in paragraph 15 of the Complaint.

16.

Defendant denies the allegations in paragraph 16 of the Complaint.

17.

Defendant denies the allegations in paragraph 17 of the Complaint.

18.

Defendant denies the allegations in paragraph 18 of the Complaint.

19.

Defendant denies the allegations in paragraph 19 of the Complaint.

<u>ALLEGATIONS OF GENDER DISCRIMINATION</u>

20.

Defendant denies the allegations in paragraph 20 of the Complaint.

21.

Defendant denies the allegations in paragraph 21 of the Complaint.

22.

Defendant denies the allegations in paragraph 22 of the Complaint.

23.

Defendant denies the allegations in paragraph 23 of the Complaint.

<u>ALLEGATIONS OF RACIAL DISCRIMINATION</u>

24.

Defendant denies the allegations in paragraph 24 of the Complaint.

25.

Defendant denies the allegations in paragraph 25 of the Complaint.

26.

Defendant denies the allegations in paragraph 26 of the Complaint.

## COUNT I

### Race Discrimination in Violation of 42 U.S.C. § 1981

27.

Defendant incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if set forth herein.

28.

Defendant denies the allegations in paragraph 28 of the Complaint, including the allegations in each and every subpart of paragraph 28 of the Complaint. Answering paragraph 28 of the Complaint further, Defendant states that Plaintiffs have failed entirely to specify any acts taken by Northwest towards the Plaintiffs, which acts allegedly constitute discrimination on the basis of race in violation of 42 U.S.C. § 1981.

## COUNT II

### Race Discrimination in Violation of 42 U.S.C. §§ 2000e, *et seq.*

29.

Defendant incorporates by reference its answers to paragraphs 1 through 28 of the Complaint as if set forth fully herein.

30.

Defendant denies the allegations in paragraph 30 of the Complaint, including the allegations in each and every subpart of paragraph 30 of the Complaint. Answering paragraph 30 of the Complaint further, Defendant states that Plaintiffs have failed entirely

7

to specify any acts taken by Northwest towards the Plaintiffs, which acts allegedly constitute discrimination on the basis of race in violation of 42 U.S.C. §§ 2000e *et seq.*

## COUNT III

### Gender discrimination in Violation of 42 U.S.C. §§ 2000e, *et seq.*

31.

Defendant incorporates by reference its answers to paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32.

Defendant denies the allegations in paragraph 32 of the Complaint, including the allegations in each and every subpart of paragraph 32 of the Complaint. Answering paragraph 32 of the Complaint further, Defendant states that Plaintiffs have failed entirely to specify any acts taken by Northwest towards the Plaintiffs, which acts allegedly constitute discrimination on the basis of gender in violation of 42 U.S.C. §§ 2000e, *et seq.*

## COUNT IV

### Intentional Interference with Right to Contract

33.

Defendant incorporates by reference its answers to paragraphs 1 through 32 of the Complaint as if set forth fully herein.

34.

Defendant denies the allegations of paragraph 34 of the Complaint.

8

35.

Defendant denies the allegations in paragraph 35 of the Complaint, including the

allegations in each and every subpart of paragraph 35 of the Complaint.

## COUNT V

### Violation of the ADA -- 42 U.S.C. §§ 12101 *et seq.*

36.

Defendant incorporates by reference its answers to paragraphs 1 through 35 of the

Complaint as if set forth fully herein.

37.

Defendant denies the allegations of paragraph 37 of the Complaint.

38.

Defendant denies the allegations of paragraph 38 of the Complaint.

39.

Defendant denies the allegations of paragraph 39 of the Complaint.

40.

Defendant denies the allegations of paragraph 40 of the Complaint.

## PRAYER FOR RELIEF

1.    Defendant denies that any judgment should be entered stating that any acts

and/or practices of Northwest are in violation of the laws of the United States;

9

2.      Defendant denies that any preliminary and/or permanent injunctive relief should be entered;

3.      Defendant denies that any monetary damages should be awarded to Plaintiffs;

4.      Defendant denies that any compensatory damages should be awarded to Plaintiffs;

5.      Defendant denies that any punitive and/or exemplary damages should be awarded to Plaintiffs;

6.      Defendant denies that any of Plaintiffs' costs or attorneys fees should be awarded;

7.      Defendant denies that any restraining order should be entered;

8.      Defendant denies that Plaintiffs are entitled to any relief of any kind whatsoever.

Defendant denies each and every allegation of Plaintiffs' Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.

Some or all of the claims in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

2.

Certain of Plaintiffs' claims are barred by the relevant statute of limitations and/or the doctrines of laches, waiver, collateral estoppel, res judicata, and judicial estoppel.

3.

In the event that the Court or a jury should conclude that race, gender, or disability was a motivating factor in any of the employment decisions challenged by Plaintiffs, which Defendant expressly denies, Defendant affirmatively states that the same decision would have been made absent consideration of race, gender, or disability.

4.

Insofar as any employment policy or procedure, including, but not limited to, policies concerning training, promotion, or discipline used by any of Defendant's facilities has a statistically significant adverse impact on African-American and/or female employees, as compared to similarly-situated Caucasian and/or male employees, which Defendant expressly denies, such policies or practices nevertheless are lawful because they are job-related for the positions in question and consistent with business necessity.

5.

Defendant acted reasonably to prevent and remedy any alleged harassment based on race, gender, or disability, by having a policy against such harassment and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiffs failed reasonably to utilize or otherwise avail

11

themselves of this policy and procedure, or to act reasonably in response to Defendant's corrective or remedial steps, their claims of alleged harassment based on race, gender, and disability are barred.

6.

If any selective device used by Defendant is found to have an unlawful adverse impact on African-American and/or female employees, which Defendant expressly denies, such consequences were not intentional.

7.

Any claims under Title VII and/or the ADA based upon any alleged act or failure to act by Northwest which occurred more than 300 days prior to the filing of an EEOC charge alleging said act or failure to act are barred and this Court is without jurisdiction over any such claims.

8.

Except to the extent Defendant has otherwise expressly agreed in *Owiolabi, et al. v. Northwest Airlines, Inc.*, Case No. 1:99-CV-0134 (N.D. Ga.), any claim under Title VII and/or the ADA is barred to the extent this lawsuit was not filed within 90 days of the Plaintiffs' receipt from the EEOC of a notice of right to sue as to that claim.

9.

Plaintiffs' claims of unlawful employment discrimination under Title VII and the ADA must be strictly confined to the scope of the EEOC charge upon which this action

12

is predicated, and this Court is without jurisdiction over any claims not stated or party not named therein.

10.

Pursuant to 42 U.S.C. § 2000e-5(g), back pay liability for any alleged violation of Title VII can, in no event, accrue from a date more than two years prior to the filing of the EEOC charge upon which this action is predicated.

11.

Any back pay liability for which Northwest may be held liable must be reduced by Plaintiffs' actual interim earnings and amounts earnable with reasonable diligence.

12.

Northwest did not engage in unlawful, intentional discrimination, and Northwest's actions were not taken with malice or reckless indifference to Plaintiffs' federally protected rights. Plaintiffs, therefore, are not entitled to recover punitive damages as to any employment practice alleged to violate Title VII or the ADA, pursuant to 42 U.S.C. § 1981a(b)(1).

13.

The total amount of compensatory and punitive damages to which each Plaintiff may recover for any alleged violations of Title VII or the ADA may not exceed $300,000, pursuant to 42 U.S.C. § 1981a(b)(3).

14.

Plaintiffs' claims for damages for any alleged violation of Title VII are barred by 42 U.S.C. § 2000e-5(g)(2)(B).

15.

To the extent that Plaintiffs have failed to mitigate their damages, their claims for back pay are barred.

16.

To the extent that the Complaint seeks under State law relief for any physical, mental, or emotional injuries alleged to be suffered by Plaintiffs at any time during the course of their employment and/or as part of the employment relationship with Northwest, that action is barred in that Plaintiffs' sole and exclusive remedy of such claims is governed by Florida's workers' compensation law.

17.

Plaintiffs' Complaint and any state law claims for relief therein are barred to the extent they are preempted by the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1).

18.

Plaintiffs' Complaint and the claims for relief therein are barred due to Plaintiffs' failure to exhaust their remedies under the collective bargaining agreement applicable to them.

19.

Plaintiffs' Complaint and the claims for relief therein are barred to the extent they are

14

preempted by the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*.

20.

Some or all of the claims of Plaintiffs are barred by the provisions of 42 U.S.C. § 2000e-2(h) relating to employment practices pursuant to a bona fide seniority system, or are otherwise barred because the decisions that are challenged were made on the basis of seniority or a bona fide seniority system.

21.

Assuming *arguendo,* that the alleged discriminatory conduct of Northwest's agents, servants, or employees occurred, any such conduct would be contrary to Northwest's good-faith efforts to comply with Plaintiffs' federal and state protected rights, and therefore, Plaintiffs are not entitled to recover punitive damages as to the conduct alleged.

22.

Plaintiffs' claims for punitive damages are barred because any imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and the Florida Constitution under whose laws Plaintiffs purport to bring their non-federal claims.

23.

Some or all of the claims in Plaintiffs' Complaint brought pursuant to 42 U.S.C. § 1981 are barred in whole or in part by Florida's applicable state statute of limitations for personal injury claims, pursuant to *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S. Ct.

2617, 96 L. Ed. 2d 572 (1987).

24.

To the extent Plaintiffs claim that they were discriminatorily denied "Family Medical Leave," "disability leave," or other leaves of absence, such claims are barred by the relevant provisions of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

25.

Some or all of the claims brought by the Plaintiffs are barred by the provisions of and the proceedings related to the Consent Decree in *Aburime et al. v. Northwest Airlines, Inc.*, C.A. No. 3-89-402 (D. Minn. 1991), the effective date of which was September 15, 1991.

26.

Plaintiffs' claims are barred to the extent that they have failed to exhaust the required administrative remedies and other conditions to suit against Northwest as required by Title VII and the ADA.

27.

Plaintiffs' claims are improperly joined under Fed. R. Civ. P. 20(a); in the alternative, separate trials are necessary to prevent undue delay or prejudice under the provisions of Federal Rules of Civil Procedure 20(b) and 21.

28.

To the extent Plaintiffs claim that Northwest interfered with their right to contract for

16

employment based on an allegation that they were discharged because they allegedly protested against Defendant's alleged pattern and practice of racial discrimination, such a claim is preempted by Florida's anti-discrimination statute and Title VII.

29.

Assuming *arguendo*, that Plaintiff Blanche Benford could establish that she is disabled under the ADA, no reasonable accommodation could be made for Plaintiff Benford without undue hardship on the part of Defendant.

30.

Plaintiffs have not suffered any damages for which they are entitled to relief.

31.

All of Northwest's actions with regard to Plaintiffs were taken, made and done in good faith for legitimate, non-discriminatory, job-related business reasons and/or were based on reasonable factors other than sex, disability, race, or any other impermissible factor.

32.

The actions of Northwest were not the cause of any alleged injury suffered by Plaintiffs.

33.

Assuming *arguendo* that Plaintiff Benford's ADA claim is not barred by failure to exhaust administrative remedies and/or by statute of limitations, Plaintiff Benford's ADA claim is barred because she is not "disabled" within the meaning of the Act and/or is not a

17

"qualified" individual.

34.

Assuming *arguendo* that Plaintiff Benford's ADA claim is not barred by failure to exhaust administrative remedies and/or by the applicable statute of limitations, any claim by Plaintiff Benford that Northwest denied her accommodations is barred because accommodations were never requested or were not needed.

35.

Assuming *arguendo* that Plaintiff Benford's ADA claim is not barred by failure to exhaust administrative remedies and/or by the applicable statute of limitations, the "accommodation" which Plaintiff Benford requested is not a "reasonable" accommodation required by law, among other things, because Plaintiff Benford is not a disabled or qualified person entitled to an accommodation.

36.

Assuming *arguendo* that Plaintiff Benford's ADA claim is not barred by failure to exhaust administrative remedies and/or by the applicable statute of limitations, Northwest properly disqualified Plaintiff Benford from the position of customer service agent because the job qualification standard is job related and consistent with business necessity and/or Plaintiff Benford constituted a direct threat to her safety or the safety of others.

37.

Assuming *arguendo* that Plaintiff Benford's ADA claim is not barred by failure to

18

exhaust administrative remedies and/or by the applicable statute of limitations, Plaintiff Benford is not entitled to any compensatory or punitive damages under 42 U.S.C. § 1981a(3) because Northwest demonstrated good faith efforts to reasonably accommodate Plaintiff.

38.

Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction and/or the statute of frauds.

WHEREFORE, having fully answered, Defendant respectfully prays that Plaintiffs' Complaint be dismissed with prejudice, all costs and reasonable attorneys fees be taxed against Plaintiffs, and Defendant have such other and further relief as this Court may deem just and proper.

Respectfully submitted this 19th day of May, 2000,


CARY SCHWIMMER
Tennessee Bar No. 14026

KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATHER, PLC
2650 Thousand Oaks Boulevard
Suite 2200
Memphis, Tennessee 38118
Voice: (901) 795-6695
Fax:   (901) 795-1646
E-mail:  cschwimmer@kiesewetterwise.com

ATTORNEYS FOR
NORTHWEST AIRLINES, INC.


Kenneth W. Waterway
Florida Bar No. 0994235
HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
500 East Broward Boulevard - Suite 1000
Fort Lauderdale, Florida 33394-3092
Voice: (954) 527-2800
Fax: (954) 524-9481
Email: kwatrway@heinrichgordon.com

LOCAL COUNSEL FOR
NORTHWEST AIRLINES, INC.


20

## CERTIFICATE OF SERVICE

I do hereby certify that on this _____ day of May, 2000, one true and correct copy of

the foregoing Answer of Defendant Northwest Airlines. Inc. to Plaintiffs' Complaint was

served by U.S. Mail. first class postage pre-paid. upon:

Jacob A. Rose
The Rose Law Firm. P.A.
215 Fifth Street
Suite 305
West Palm Beach. Florida 33401

Counsel for Plaintiffs

Juan C. Enjamio
Alan R.. Poppe
Hunton & Williams
One Biscayne Tower
Suite 2500
2 South Biscayne Boulevard
Miami. Florida 33131

Counsel for Northwest Airlines. Inc.

Jean Holloway
Dorsey & Whitney, LLP
Pillsbury Center South
220 South Sixth Street
Minneapolis. Minnesota 55402

Counsel for Northwest Airlines, Inc.

G:\LAW\Northwest Airlines\final answer

21