### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6079–Civ–Dimitrouleas/Johnson

| | |
|---|---|
| **BLANCHE BENFORD,** | ) |
| **CLAVEDIA BROS, and** | ) |
| **MADIE MOORE** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| **NORTHWEST AIRLINES, INC.,** | ) |
| | ) |
| Defendant. | ) |

### JOINT SCHEDULING REPORT

The above-captioned parties, by undersigned counsel and pursuant to Local Rule 16.1.B.(7), S.D. Fla., hereby submit their scheduling report and proposed scheduling order as follows:

a. Detailed Schedule of Discovery.

The parties request a "standard track" assignment of this case as there are three separate plaintiffs asserting various claims based on different facts and it is estimated that approximately ten days will be required for trial. The parties propose to complete discovery by December 15, 2000, and agree to specific dates and/or deadlines within the framework



as follows:

    i.      On or before July 1, 2000, each party shall provide to the other party through respective counsel the information as required by Local Rule 16.1.B.(1), (3), and (4), S.D. Fla.

    ii.     Plaintiff shall disclose expert witness summaries/reports in accordance with Local Rule 16.1.K, no later than ninety (90) days before the close of discovery.

    iii.    Defendant shall disclose expert witness summaries/reports in accordance with Local Rule 16.1.K, no later than sixty (60) days before the close of discovery, or within thirty (30) days after the Plaintiffs' expert disclosure under subparagraph ii, if such disclosure occurs on a date later than that contemplated in subparagraph ii.

    iv.    Each party shall be entitled to submit to the other party, a maximum of thirty-five (35) interrogatories, including subparts, pursuant to the Federal Rules of Civil Procedure 33.

    v.     Each side shall have the right to a maximum of twelve (12) depositions, excluding Rule 26 experts, unless otherwise agreed by the parties or upon order of the Court.

    vi.    There is no maximum number of requests for admissions either party may submit to the other party.

    vii.   There is no maximum number of requests for documents either party may submit to the other party.

        viii.    Depositions of each Plaintiff or corporate representative may last up to 14 hours, over two days, with up to 7 hours of deposition time each day. Any party may obtain additional time for such depositions by agreement of the parties or by seeking leave of Court. In the same fashion, any party may seek to increase the length of other depositions beyond that provided by Local Rule 26.1(K).

    b.    Discussion of the Likelihood of Settlement.

The parties have not discussed whether this lawsuit may be resolved by settlement, but agree that settlement cannot be fully evaluated at this time. The parties agree to discuss whether this case can be settled at the earliest date after sufficient discovery has been completed by the parties.

    c.    Discussion of Likelihood of Appearance of Additional Parties.

No additional parties are deemed necessary.

    d.    Proposed Limits on the Time:

        i.    To join parties or amend pleadings: ninety (90) days from the date of the entry of the scheduling order.

        ii.    To file and hear motions: no later than ten days prior to the pre-trial conference, or calendar call if no pre-trial conference is scheduled.

        iii.    To complete discovery: December 15, 2000.

        iv.    To file potentially dispositive motions: no later than sixty (60) days after the close of discovery.

    e.    Proposals for Simplification of Issues. Etc.

This is an employment discrimination case that does not appear to be complex with the exception that there are three separate plaintiffs asserting claims based on different facts. Defendant anticipates that a motion to dismiss some of the Plaintiffs' claims may be filed. Defendant also anticipates that it may file a motion to sever, or in the alternative for separate trials, as provided for by the Federal Rules of Civil Procedure.

    f.    Necessity or Desirability of Amendments to the Pleadings.

The parties may seek to amend their pleadings as appropriate.

    g.    Possibility of Obtaining Admissions of Fact, Etc.

The parties do anticipate that the authenticity of pertinent documents will be admitted or stipulated where possible and appropriate. As to the need for advanced rulings from the Court on the admissibility of evidence, it is contemplated that the parties will likely be filing motions in limine to be presented, and if the Court so desires or permits, argued closely before trial.

    h.    Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.

The parties will work in good faith to avoid unnecessary proof and to avoid cumulative evidence.

i.  Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.

Except for matters routinely referred to the Magistrate for consideration, the parties do not consent to trial by Magistrate.

j.  Preliminary Estimate of the Time Required for Trial.

The parties suggest that trial will take up to ten days.

k.  Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial.

i.  The parties request a final pretrial conference no sooner than thirty (30) days before the date of trial.

ii.  The parties request that trial be scheduled for after September 1, 2001.

Respectfully submitted,

JACOB A. ROSE, with permission
Florida Bar No. 212202

THE ROSE LAW FIRM, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401
Voice: (561) 655-5113
Fax:   (561) 833-0417

ATTORNEY FOR PLAINTIFFS

5

*signature*, with permission

CARY SCHWIMMER
Tennessee Bar No. 14026

W. TERRY SMITH, JR.
Tennessee Bar No. 19179

KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATHER, PLC
2650 Thousand Oaks Boulevard
Suite 2200
Memphis, Tennessee 38118
Voice: (901) 795-6695
Fax:   (901) 795-1646
E-mail:  cschwimmer@kiesewetterwise.com
E-mail:  tsmith@kiesewetterwise.com

ATTORNEYS FOR
NORTHWEST AIRLINES, INC.

KENNETH W. WATERWAY
Florida Bar No. 0994235
HEINRICH GORDON HARGROVE
 WEIHE & JAMES, P.A.
500 East Broward Boulevard - Suite 1000
Fort Lauderdale, Florida 33394-3092
Voice: (954) 527-2800
Fax: (954) 524-9481
Email: kwatrway@heinrichgordon.com

LOCAL COUNSEL FOR
NORTHWEST AIRLINES, INC.

6

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6079–Civ–Dimitrouleas/Johnson

| | |
|---|---|
| **BLANCHE BENFORD,** | ) |
| **CLAVEDIA BROS, and** | ) |
| **MADIE MOORE** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| **NORTHWEST AIRLINES, INC.,** | ) |
| | ) |
| Defendant. | ) |

### JOINT SCHEDULING ORDER

This matter is before the Court on the Joint Scheduling Report submitted by the parties pursuant to this Court's Order of May 11, 2000 and Local Rule 16.1(B)(7), and the Court, being fully advised, hereby enters the following Scheduling Order in this matter:

a. This case is designated as STANDARD TRACK for purposes of Local Rule 16.1(A)(2).

b. Discovery shall proceed and be completed by December 15, 2000, and the parties shall disclose experts in accordance with Local Rule 16.1(K) but under the following schedule:

       i.      Plaintiff shall provide its expert disclosures no later than ninety (90) days prior to the close of discovery as defined by this Order.

       ii.     Defendant shall provide its expert disclosures no later than sixty (60) days prior to the close of discovery as defined by this Order, or within thirty (30) days after the Plaintiffs' expert disclosure if Plaintiffs' disclosure occurs on a date later than that contemplated in subparagraph i.

   c.    Each party shall be entitled to submit to the other party, a maximum of thirty-five (35) interrogatories, including subparts, pursuant to the Federal Rules of Civil Procedure 33.

   d.    Each side shall have the right to a maximum of twelve (12) depositions, excluding Rule 26 experts, unless otherwise agreed by the parties or upon order of the Court.

   e.    There is no maximum number of requests for admissions either party may submit to the other party.

   f.    There is no maximum number of requests for documents either party may submit to the other party.

   g.    Depositions of each Plaintiff or corporate representative may last up to 14 hours, over two days, with up to 7 hours of deposition time each day. Any party may obtain additional time for such depositions by agreement of the parties or by seeking leave of Court. In the same fashion, any party may seek to increase the length of other depositions beyond that provided by Local Rule 26.1(K).

   h.    Any effort by either of the parties to join additional parties or amend the

2

pleadings should be presented by motion within ninety (90) days from the date of this Order.

    i.    All potentially dispositive motions must be filed on or before _____.

    j.    All pre-trial motions, including motions in limine, must be filed on or before

_____.

    k.    The Court shall resolve pre-trial motions _____.

    l.    A pre-trial conference will be held on _____.

    m.    The case shall be set for trial on _____.

IT IS HEREBY ORDERED this ____ day of _____, 2000.

WILLIAM P. DIMITROULEAS
U.S. DISTRICT JUDGE

3