IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6079–Civ–Dimitrouleas/Johnson

| | |
|---|---|
| BLANCHE BENFORD, | ) |
| CLAVEDIA BROS, and | ) |
| MADIE MOORE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| NORTHWEST AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT NORTHWEST AIRLINES, INC.'S MOTION TO COMPEL PLAINTIFFS' INTERROGATORY ANSWERS, PRODUCTION OF REQUESTED DOCUMENTS AND TANGIBLE THINGS, AND PLAINTIFFS' DISCLOSURES PURSUANT TO S.D. FLA. L.R. 16.1.B.(1), (3) and (4) AND FOR AWARD OF ATTORNEYS' FEES**

### I. FACTS

1. On May 19, 2000, Northwest served Plaintiffs with Defendant's First Set of Rule 26.1.G Interrogatories Propounded to Plaintiffs. (Copy attached as Exhibit 1.) Pursuant to Fed. R. Civ. P. 33(b)(3), Plaintiffs were required to serve their answers by June 21, 2000.



2. On June 6, 2000, Northwest served Plaintiffs with Defendant Northwest Airlines, Inc.'s First Request for Production to Plaintiffs Blanche Benford, Clavedia Bros, and Madie Moore. (Copy attached as Exhibit 2.) Pursuant to Fed. R. Civ. P. 34(b), Plaintiffs were required to serve their responses by July 10, 2000.

3. Pursuant to the Joint Scheduling Report filed by the parties on June 16, 2000, and this Court's Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate Judge filed on June 19, 2000, "[o]n or before July 1, 2000, each party shall provide to the other party through respective counsel the information required by Local Rule 16.1.B.(1), (3) and (4), S.D. Fla."

4. To date, Plaintiffs have failed to answer the interrogatories, to provide the requested documents or tangible things, or to comply with the disclosures required by S.D. Fla. L.R. 16.1.B.(1), (3) and (4).

5. Having received no response, on July 17, 2000, W. Terry Smith, Jr., counsel for Northwest, telephoned Jacob A. Rose, counsel for Plaintiffs, and sent a letter dated July 17, 2000, notifying Plaintiffs that their answers to interrogatories, requested documents and tangible things, and disclosures pursuant to Local Rules, were all past due and that a motion to compel would be filed if the outstanding discovery was not received by 5:00 p.m. on July 18, 2000. (July 17, 2000 correspondence attached as Exhibit 3).

6. In response to Northwest's counsel's correspondence of July 17, 2000, Plaintiffs' counsel faxed correspondence to Northwest's counsel dated July 18, 2000

2

acknowledging that Plaintiffs were "late in submitting responses to the outstanding discovery" because the "associates working on this matter have been away from the office for several weeks" and that Northwest would receive the responses "by the end of next week" or July 28, 2000. (July 18, 2000 correspondence attached as Exhibit 4).

7.  Plaintiffs' counsel telephoned Northwest's counsel on Friday, July 28, 2000, and informed Northwest that the outstanding discovery and disclosures were complete and being sent out that day and that Northwest would receive the outstanding discovery and disclosures on Monday, July 31, 2000.

8.  Northwest's counsel did not receive the outstanding discovery and disclosures as promised by Plaintiffs on July 31, 2000, and telephoned Plaintiffs' counsel on August 1, 2000, in another effort to resolve the discovery and disclosure dispute. Northwest's counsel was informed by an assistant to Plaintiffs' counsel that the outstanding discovery and disclosures had not been completed, nor forwarded to Northwest's counsel. The conversation was confirmed by letter. (August 1, 2000 correspondence attached as Exhibit 5.)

9.  In reliance on Plaintiffs' numerous promises that the outstanding discovery and disclosures would be received by Northwest on July 28, 2000, and then July 31, 2000, Northwest chose not to file a motion to compel production in an effort to resolve the discovery and disclosure dispute without the intervention of the Court. However, Plaintiffs'

3

actions, or lack thereof, have left Northwest with no option but to seek the Court's assistance in resolving the discovery and disclosure dispute.

## II. ARGUMENT

Plaintiffs have had ample opportunity to provide the answers to interrogatories propounded by Northwest, the documents and tangible things requested by Northwest, and to provide the disclosures as required by S.D. Fla. L.R. 16.1.B.(1), (3) and (4). Northwest has patiently waited, and relied on Plaintiffs' representations that the overdue discovery and disclosures were forthcoming. The discovery cutoff date has been set by the Court for February 9, 2001 and Northwest will be unduly prejudiced in its ability to timely complete discovery without the immediate production of the outstanding discovery and disclosures. At this time, it is critical that Plaintiffs be ordered to immediately provide the information in, and documents and tangible things requested in Defendants' First Set of Rule 26.1.G Interrogatories Propounded to Plaintiffs, Defendant Northwest Airlines, Inc.'s First Request for Production to Plaintiffs Blanche Benford, Clavedia Bros, and Madie Moore, and to provide the disclosures required by S.D. Fla. L.R. 16.1.B.(1), (3), and (4), which are all fundamental to Northwest's development of an informed defense to Plaintiffs' claims.

Federal Rule of Civil Procedure 37(a)(4)(A) provides that if a motion to compel is granted a court shall:

> require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure ... or that the opposing party's nondisclosure or ... objection was substantially justified.

Absent a showing of substantial justification, Rule 37(a)(4) presumptively requires the loser of a motion to compel to make good the victor's cost. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). *See also* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2288 at 657-58 (1994)("The great operative principle of Rule 37(a)(4) is that the loser pays.").

Northwest's counsel made a good faith effort to resolve this issue. However, Plaintiffs have chosen to ignore their obligations under the rules. Plaintiffs have failed to identify any facts that would render their failure to answer interrogatories, provide the requested documents and tangible things, or to provide the disclosures pursuant to Local Rules substantially justified or that would render the award of attorney fees unjust.

## CONCLUSION

For the foregoing reasons, Northwest requests that its motion be granted and an order be entered pursuant to Fed. R. Civ. P. 37(a)(2)(B) compelling Plaintiff to immediately provide all answers to Defendants' First Set of Rule 26.1.G Interrogatories Propounded to Plaintiffs, to provide all documents and tangible things requested in Defendant Northwest

5

Airlines, Inc.'s First Request for Production to Plaintiffs Blanche Benford, Clavedia Bros, and Madie Moore, and to provide the disclosures required by S.D. Fla. L.R. 16.1.B.(1), (3), and (4). Further, Northwest requests that the Court award it attorneys' fees to cover the reasonable expenses incurred in seeking this order to compel, and to any other just relief to which Northwest is entitled.

Respectfully submitted,

CARY SCHWIMMER
Tennessee Bar No. 14026
W. TERRY SMITH, JR.
Tennessee Bar No. 19179

KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATHER, PLC
2650 Thousand Oaks Boulevard
Suite 2200
Memphis, Tennessee 38118
Voice: (901) 795-6695
Fax:   (901) 795-1646
E-mail: cschwimmer@kiesewetterwise.com
E-mail: tsmith@kiesewetterwise.com

ATTORNEYS FOR
NORTHWEST AIRLINES, INC.

6

*[signature: Kenneth W. Waterway by WSG]*
KENNETH W. WATERWAY
Florida Bar No. 0994235
HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
500 East Broward Boulevard - Suite 1000
Fort Lauderdale, Florida 33394-3092
Voice: (954) 527-2800
Fax: (954) 524-9481
Email: kwatrway@heinrichgordon.com

LOCAL COUNSEL FOR
NORTHWEST AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 3rd day of August, 2000, one true and correct copy of

of the foregoing was served via Facsimile and U.S. Mail, first class postage pre-paid, upon:

> Jacob A. Rose
> The Rose Law Firm, P.A.
> 215 Fifth Street
> Suite 305
> West Palm Beach, Florida 33401

Counsel for Plaintiffs

*[signature]*

7

# DISCOVERY

# NOT

# SCANNED

# PLEASE REFER TO FILE