UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6079-CIV-DIMITROULEAS/Johnson

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

    Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

    Defendant.
_____/



### PLAINTIFFS' OBJECTION TO MAGISTRATE'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND AWARD OF ATTORNEYS' FEES, DATED AUGUST 7, 2000

COME NOW the Plaintiffs, BLANCHE BENFORD, CLAVEDIA BROS and MADIE MOORE, by and through their undersigned counsel, hereby object to the Magistrate's Order Granting Defendant's Motion to Compel and Award of Attorneys' Fees, Dated August 7, 2000 (as opposed to a Report and Recommendation on the issue of a monetary judgment) and, as grounds therefor, state:

1.    Defendant filed its Motion to Compel on or about August 3, 2000.

2.    Pursuant to S.D.Fla.L.R. 7.1C.1.(a) Plaintiffs had ten (10) days to respond to said Motion, that is by August 18, 2000.



3.  On August 7, 2000, before Plaintiffs had an opportunity to respond to the Motion, the Magistrate Judge entered an Order Granting the Motion and Award of Attorney's Fees [and costs], and Defendants have subsequently submitted a Petition for Fees and Costs of $1,599.45.

4.  Plaintiffs never had an opportunity to respond to the Motion before an Order was entered and have proper bases for the Motion being denied.

5.  As partly reflected in Defendant's Motion, Plaintiffs office corresponded with defense counsel concerning the unusual circumstances which occasioned the delay in responding to outstanding discovery: leave of absence due to illness and death of one associate's mother; maternity leave of another; and illness of the other attorney.

6.  Plaintiffs would have explained these matters to the Court and demonstrated that even under the best of circumstances, considering the exigencies, Plaintiffs could not have responded sooner. Additionally, one of the Plaintiffs, Madie Moore was in the process of relocating to the State of Georgia and all of the Plaintiffs had provided information to a previous attorney in connection with a similar case in Atlanta, GA, and the undersigned did not have the materials available to him despite his efforts to obtain them.

7.  Plaintiffs have always attempted to cooperate with defense counsel and did not oppose even an entry of default against Defendant when it did not respond

2

within the time allowed to answer Plaintiffs' Complaint.

8.  The history of the Motion and the legal basis for sanctions were quite straight forward, and the amount of time claimed to have been expended on it is certainly exaggerated.

9.  Lead counsel in this case submits that a reasonable number of hours that Defendant should have expended on their Motion and related matters are 2.5 hours and that, however, it would be inappropriate for an award to be entered under the circumstances explained herein.

> Respectfully submitted,
>
> THE ROSE LAW FIRM, P.A.
> Counsel for Plaintiffs
> 215 Fifth Street, Suite 305
> West Palm Beach, FL 33401
> Tel: 561-655-5113
> Fax: 561-833-0417
>
> By: _____
> JACOB A. ROSE
> Florida Bar No. 212202

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiffs' Objection to Magistrate's Order Granting Motion to Compel and for Award of Attorney's Fees dated August 7, 2000 has been furnished by mail this 31st day of August 2000 to: W. Terry

3

Smith, Esq., Jr., KIESEWETTER WISE KAPLAN SCHWIMMER & PRATER, PLC, 2650 Thousand Oaks, Blvd., Suite 2200, Memphis, TN 38118.

JACOB A. ROSE

f:\wpdocs\marva\benford\objection.ord

4