UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6079-CIV-DIMITROULEAS/Johnson

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

    Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

    Defendant.
_____/

NIGHT BOX FILED
JAN 8 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER

Plaintiffs, by and through their undersigned counsel, and moves for the entry of an Order prohibiting the depositions of Plaintiffs set to be taken on January 10, 11 and 12, 2001, respectively, and as grounds therefore state:

1.    The depositions of Plaintiffs have been noticed by Defendant to be taken on the above-referenced dates.

2.    For the past several weeks, there have been discussions between counsel for Plaintiffs and Defendant regarding the scheduling of these depositions and Plaintiffs' counsel explained to defense counsel that because of conducting the trial of *U.S.A. v. Pendergraft, et al*, Case NO. 5:00-CR-21-oc-10, that is presently before the Honorable Wm. Terrell Hodges, Chief Judge, United States District Court, Middle District of Florida and which trial is not schedule to conclude until Friday,



January 12, 2001 and *Brochu v. City of Riviera Beach*, Case No. 98-8031-CIV-RYSKAMP, specially set three week trial, Plaintiffs' counsel cannot cover the depositions.

3. The undersigned informed defense counsel of the departure of his two associates, Maria Morrison and Pamela Giltman and, because of the work schedule, has not been able to replace them and cannot, therefore, provide coverage.

4. Plaintiffs' counsel conveyed this to defense counsel after receipt of the Notice of Taking Depositions and corresponded with defense counsel and suggested that the parties file a joint for enlargement of time to complete discovery and continuing trial date due to the conflicts mentioned.

5. As of this writing, Defendant has only responded that they do not agree because of the previous rescheduling of the Depositions and that counsel should move for a Protective Order. Attached is a copy of the correspondence sent by defense counsel and Plaintiffs' counsel's response with respect to same.

6. Plaintiffs counsel informed defense counsel of his obligation in the current trials and it is simply an impossibility to do so yet, defense counsel is insisting on appearing for the Depositions and moving for sanctions in the event it cannot be taken.

7. Plaintiffs submit that this represents a violation of principles of professionalism given the fact that circumstances presented, particularly the setting of trial of a criminal case and the trial of a case that has been filed since 1998 on the docket.

8. Plaintiffs' counsel is pleased to cooperate in the setting of depositions and joining in a Motion for Enlargement of Time to Complete Discovery and Continuance of Trial but cannot, obviously, cover his obligation of trials while defending depositions.

**WHEREFORE**, Plaintiffs pray for the entry of an Emergency Order prohibiting the taking of the depositions of Plaintiffs on January 10, 11 and 12, 2001, while the undersigned is in trial.

### MEMORANDUM OF LAW

This Motion is committed to the sound discretion of the Court.

Respectfully submitted,

THE ROSE LAW FIRM, P.A.
Counsel for Plaintiffs
215 Fifth Street - Suite 305
West Palm Beach, FL 33401
Telephone: (561) 655-5113
Facsimile: (561) 833-0417

By: _____
JACOB A. ROSE
Florida Bar No. 212202

### CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of Plaintiff's Notice of Trial Conflict has been furnished by mail this _____ day of January 2001 to: W. Terry Smith, Esq., Jr., KIESEWETTER WISE KAPLAN SCHWIMMER & PRATER, PLC, 2650 Thousand Oaks, Blvd., Suite 2200, Memphis, TN 38118.

_____
JACOB A. ROSE

f:\wpdocs\marva\benford\protectiv.mot

3

KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

ATTORNEYS AT LAW

2650 THOUSAND OAKS BOULEVARD • SUITE 2200 • MEMPHIS, TENNESSEE • 38118
PHONE (901)795•6695 • FAX (901)795•1646

JONATHAN E. KAPLAN
JAY W. KIESEWETTER
ROBERT D. MEYERS
PAUL E. PRATHER
CARY SCHWIMMER
JOHN W. SIMMONS
J. EDWARD WISE

HOWARD L. CLEVELAND, IV
KAREN W. GROCHAU
LISA L. LEACH
GEORGE W. LOVELAND, II
PHILLIS R. MORGAN
W. TERRY SMITH, JR
TODD E. TAYLOR
TANJA L. THOMPSON
DAVID S. WILSON, III
JASON G. WOLFKILL

HUMAN RESOURCES &
MANAGEMENT CONSULTANT
PATRICK T FLEMING
(NON-ATTORNEY)

RESEARCH SPECIALIST
R. BRADLEY MOKROS
(NON-ATTORNEY)

December 11, 2000

## Via Facsimile & First Class Mail

Jacob A. Rose
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401

    Re:    <u>Benford, et al v. Northwest Airlines, Inc.</u>
           No. 00-6079–Civ–Dimitrouleas/Johnson

Dear Jake:

    I have tried to telephone you several times both this morning and on Friday, without getting any answer at your firm. I wanted to further discuss with you the deposition dates for the plaintiffs in the above-referenced matter. According to your voicemail on Thursday, December 7, 2000, you are now unavailable during the first week of January as we previously discussed. You indicated you have a trial beginning on January 2, 2001 that you anticipate will last approximately 7 days. As such, enclosed are notices scheduling the plaintiffs' depositions for January 10-12, 2001.

    As you know, we have been attempting to reschedule the plaintiffs' depositions, originally noticed for December 13-15, 2000, because of your trial schedule. You have notified us that you have trial the week of December 11th, the week of December 18th, and now a trial beginning the week of January 2, 2001. We must insist that the plaintiffs' depositions go forward on January 10th-12th because of the discovery cut-off date of February 9, 2001, and the dispositive motion deadline of February 16, 2001.

KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

Jacob A. Rose
December 11, 2000
Page 2

>Please do not hesitate to contact me if you have any questions or comments.
>
>Sincerely,
>
>W. Terry Smith, Jr.

WTS/im



FLAGLER COURT BUILDING · SUITE 305
215 FIFTH STREET
WEST PALM BEACH, FLORIDA 33401

Jacob A. Rose
ATTORNEY AT LAW

TELEPHONE (561) 655-5113
FAX (561) 833-0417

December 15, 2000

***VIA FACSIMILE NO. 901-795-1646 and REGULAR MAIL***

W. Terry Smith, Jr., Esq.
KIESEWETTER WISE KAPLAN, ET AL
2650 Thousand Oaks Blvd., Suite 2200
Memphis, TN 38118

Re: ***BENFORD, ET AL v. NORTHWEST AIRLINES, INC.***
***DISCOVERY SCHEDULE***

Dear Terry,

I want to bring to your attention certain matters concerning scheduling that in my view, necessitate the filing of a motion for enlargement of time to complete discovery.

After our hearing before Judge William Hodges in *U.S.A. v. Pendergraft, et al*, it became clear that, due to the complexity of the case and the attendant jury selection process, I will be in trial in that case until Friday, January 12, 2001.

Judge Ryskamp, in *Brochu v. City of Riviera Beach*, has specially set me to begin trial on January 16, 2001, the first business day after the *Pendergraft* trial ends. *Brochu* is expected to last two weeks.

Both judges have been working with each other in an attempt to make sure that these cases, top priorities to them, are tried as expeditiously as possible.

In this regard, I believe it is appropriate to bring this matter to the attention of Judge Dimitrouleas so that he could give us additional time to complete discovery, preferably six months. If you have a suggestion of another time-frame or whether there is another way this can be handled, please let me know and I will do my best to do whatever is necessary to insure all of our legitimate interests are protected before the Court.

OF COUNSEL:

Debra Rose         Lynden B Rose / Licensed in Texas         Sharon Rose / Licensed in Bahamas & Great Britain

W. Terry Smith, Jr., Esq.
December 15, 2000
Page -2-

The *Pendergraft* case will not be resolved, but there is a slim possibility that the *Brochu* case could be. If that occurs, then I will have a block of time available immediately after the *Pendergraft* trial. Out of an abundance of caution, however, I believe it is best that we ask the Court's direction or seek an enlargement of time.

Thank you for your consideration.

Best regards,

*Jake*
Jacob A. Rose

JAR/mm

cc:   Clients

f:\wpdocs\marva\benford\smith8.ltr

# THE ROSE LAW FIRM, P.A.
215 Fifth Street/Suite 305
West Palm Beach, Florida 33401
561-655-5113
Fax: 561-833-0417

# fax transmittal

to: W. Terry Smith

fax: 901-795-1646

from: Jacob A. Rose ✓ /Pamela Giltman ___/
Maria Morrison ___/

date: 10/5/00

re: Benford

pages: (3), including cover sheet

NOTES: THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN INFORMATION FROM THE ROSE LAW FIRM, P.A. WHICH IS CONFIDENTIAL OR PRIVILEGED. THE INFORMATION WAS INTENDED TO BE FOR THE EXCLUSIVE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) NAMED ON THE TRANSMISSION SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, BE AWARE THAT ANY DISCLOSURE OF THIS TELECOPIED INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THE TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS AT NO COST TO YOU.

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME : 12/15/2000 18:55
                                        NAME : THE ROSE LAW FIRM
                                        FAX  : 561-833-0417
                                        TEL  : 561-655-5113


        DATE,TIME                       12/15 18:53
        FAX NO./NAME                    19017951646
        DURATION                        00:01:19
        PAGE(S)                         03
        RESULT                          OK
        MODE                            STANDARD
```