FILED BY

2001 JAN -9 PM 2: 36

S.D. OF FLA-FTL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6079–Civ–Dimitrouleas/Johnson

| | |
|---|---|
| BLANCHE BENFORD, | ) |
| CLAVEDIA BROS, and | ) |
| MADIE MOORE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| NORTHWEST AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT NORTHWEST AIRLINES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Defendant Northwest Airlines, Inc. ("Northwest"), by and through its undersigned counsel, respectfully submits its Opposition to Plaintiffs' Motion for Protective Order, and states as follows:

1.  Northwest has been attempting to depose the plaintiffs for approximately three months, and each time counsel for Northwest and counsel for plaintiffs agree on dates to depose the plaintiffs, counsel for plaintiffs subsequently notifies Northwest that he is unable to produce the plaintiffs because of trial in the matter of *U. S. v. Pendergraft*, which has been



either scheduled or rescheduled three times, coincidentally on the dates agreed and noticed for plaintiffs' depositions.

2. On October 27, 2000, counsel for Northwest requested of plaintiffs' counsel all available dates during the month of November and prior to December 15, 2000 to depose the plaintiffs. (October 27, 2000 correspondence attached as Exhibit 1). In response, on October 31, 2000, Plaintiffs' counsel informed Northwest that he was scheduled to be in trial in the matter of *U.S. v. Pendergraft* for three weeks beginning November 20, 2000. (October 31, 2000 correspondence attached as Exhibit 2). Plaintiffs' counsel also asserted at that time that he was not available beginning December 18, 2000 because of trial settings in the matters of *Pfefferkorn v. City of Riviera Beach* and *Brochu v. City of Riviera Beach*. So as to accommodate plaintiffs' counsels' trial schedule, Northwest noticed the plaintiffs' for deposition on December 13, 14, and 15, 2000.

3. On November 17, 2000, counsel for plaintiffs informed Northwest that trial in the *Pendergraft* matter, which had been set for a three-week trial beginning November 20, 2000, had been rescheduled for trial beginning on December 11, 2000. (November 17, 2000 correspondence attached as Exhibit 3.)

4. In a telephone conversation between plaintiffs' counsel and counsel for Northwest on December 5, 2000, plaintiffs' counsel informed Northwest that he was still scheduled for trial in *Pendergraft* on December 11, 2000, and *Pfefferkorn* and *Brochu* on December 18, 2000. (December 5, 2000 correspondence attached as Exhibit 4). Again, so

2

as to accommodate plaintiffs' counsel's trial schedule, Northwest and plaintiff's counsel agreed to depose the plaintiffs during the first week of January 2001.

5.      Two days later on December 7, 2000, plaintiffs' counsel left a voice mail for Northwest's counsel stating that he had become unavailable during the first week of January 2001 due to a trial that had been set on January 2, 2001, which was expected to last for 7 days.

6.      Reluctantly, Northwest agreed to again reschedule the plaintiffs' deposition and noticed the plaintiffs for deposition on January 10, 11, and 12, 2001.

7.      In correspondence dated December 11, 2000, Northwest insisted to plaintiffs' counsel that the plaintiffs' depositions go forward on January 10th-12th because of the discovery cut-off date of February 9, 2001, and the dispositive motion deadline of February 16, 2001. (December 11, 2000 correspondence attached as Exhibit 5).

8.      In correspondence dated December 15, 2000, counsel for plaintiffs informed Northwest that the trial set on January 2, 2001 was, in fact, the *Pendergraft* matter, which had previously been set for three-week trial beginning on November 20, 2000, and then on December 11, 2000. Moreover, Plaintiffs' counsel now informed Northwest that the trial to begin on January 2, 2001 was not to last only 7 days, but rather until January 12, 2001, thus precluding him from being able to produce the plaintiffs for deposition. (December 15, 2000 correspondence attached as Exhibit 6).

3

9. In addition, plaintiffs' counsel informed Northwest that he was likewise unavailable for two weeks beginning January 16, 2001 because of trial in the *Brochu* matter, which had previously been scheduled for trial on the December 18, 2000.

10. In response, Northwest informed plaintiffs' counsel in correspondence dated December 18, 2000 that because of the impending discovery and dispositive motion dates, and because of plaintiffs' ever changing trial dates for the *Pendergraft* and *Brochu* matters, that Northwest intended to depose the plaintiffs as noticed on January 10th-12th unless a protective order was obtained by this Court to the contrary. (December 18, 2000 correspondence, absent attached exhibits, attached as Exhibit 7).

11. Plaintiffs only responded to Northwest's insistence that the depositions go forward on January 10th-12th in their "emergency" motion dated and received after the close of business on January 9, 2001 (over three weeks later and after Northwest's counsel has cleared their schedule for the dates and after final travel arrangements have been made).

12. Northwest has gone above and beyond that required by the "principles of professionalism," as stated by plaintiffs' counsel, in an effort to accommodate plaintiffs' counsels constantly changing trial schedule.

13. Northwest has had unnecessary difficulty in completing its discovery in this matter as evidenced by plaintiff's motion currently before the Court, and this Court's Order Granting Defendant Northwest Airlines, Inc.'s Motion to Compel Plaintiffs' Interrogatory Answers, Production of Requested documents and Tangible Things, and Plaintiffs'

4

Disclosures Pursuant to S.D. FLA. L.R. 16.1.B.(1),(3) and (4) and for Attorneys' Fees dated August 4, 2000.[1]

14. This morning, counsel for Northwest attempted to reach counsel for plaintiffs in an attempt to resolve the current motion so as not to unnecessarily tax the Courts' resources. However, counsel for Northwest has been unable to reach plaintiffs' counsel.

15. Plaintiffs have not requested an extension of the Court's scheduling deadline for discovery cut-off, and Northwest does not desire to extend the discovery deadline. Any extension of the discovery deadline will unduly prejudice Northwest. Northwest will be prejudiced by the fact that there is an inherent stigma attached to any unresolved employment discrimination case in the workplace and Northwest has a strong interest in reaching resolution on these matters as quickly as possible. Moreover, extending the discovery deadline will prejudice Northwest by allowing the plaintiffs the opportunity to conduct discovery, which they have neither done, nor requested - in essence giving the plaintiffs a second bite at the apple.

---

[1] Northwest was awarded fees and expenses in the amount of $1,000.00 pursuant to this Court's Order granting Northwest's petition for fees and costs dated September 12, 2000. To date, and despite repeated requests, plaintiffs have ignored the Court's Order and refused to pay Northwest its awarded costs and expenses of $1,000.00.

5

16. In light of plaintiffs' counsel's ever-shifting trial schedule, Northwest requests that the Court order plaintiffs to appear for deposition prior to the discovery cut-off date.[2]

17. Northwest has been diligent in attempting to depose the plaintiffs within a time frame that will allow Northwest ample opportunity (5 weeks) to complete motions for summary judgment prior to the Court's dispositive motion deadline.

18. However despite Northwest's diligence and repeated efforts, plaintiffs have not appeared for deposition. Because it is now approximately one month before the dispositive motion deadline, Northwest requests that the Court extend the dispositive motion deadline of February 16, 2001, to allow Northwest the opportunity to adequately complete motions for summary judgment following the plaintiffs' depositions. Plaintiffs should not be allowed to gain a strategic advantage because of their counsel's unavailability or unwillingness to produce them for deposition.

19. Northwest further requests that the Court extend the trial date of May 5, 2001 an equivalent amount of time as the dispositive motion date extension, so as to allow the Court sufficient opportunity to consider Northwest's motions for summary judgment prior to Northwest preparing these matters for trial. Northwest should not be penalized by having

---

[2]Northwest reserves the right to seek additional time after plaintiffs' depositions and outside of the discovery period to conduct any additional discovery necessary and incident to the deposition testimony of the plainitffs.

6

to conduct costly final trial preparation because of plaintiffs' counsel's unavailability or unwillingness to produce them for deposition.

WHEREFORE, for the foregoing reasons, Northwest requests that Plaintiffs' Emergency Motion for Protective Order be denied. In the alternative, Northwest request that the Court order the plaintiffs to appear for deposition prior to the discovery cut-off date. Northwest does not seek to extend the discovery period for the reasons stated above, but does respectfully request that the Court extend the dispositve motion and trial dates because of the plaintiffs' failure to appear for deposition.

Further, Northwest requests that the Court award it attorneys' fees to cover the reasonable expenses incurred in responding to plaintiffs' motion, any non-recoverable expenses incident to plaintiffs' seeking an order of protection on the eve of the depositions, and to any other just relief to which Northwest is entitled.

Respectfully submitted,

GARY SCHWIMMER
Tennessee Bar No. 14026
W. TERRY SMITH, JR.
Tennessee Bar No. 19179

KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATHER, PLC
2650 Thousand Oaks Boulevard
Suite 2200
Memphis, Tennessee 38118
Voice: (901) 795-6695

Fax:   (901) 795-1646
E-mail: cschwimmer@kiesewetterwise.com
E-mail: tsmith@kiesewetterwise.com

ATTORNEYS FOR
NORTHWEST AIRLINES, INC.

_____
KENNETH W. WATERWAY
Florida Bar No. 0994235
HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
500 East Broward Boulevard - Suite 1000
Fort Lauderdale, Florida 33394-3092
Voice: (954) 527-2800
Fax: (954) 524-9481
Email: kwatrway@heinrichgordon.com

LOCAL COUNSEL FOR
NORTHWEST AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 9th day of January 2001, one true and correct copy of

of the foregoing was served via Facsimile and U.S. Mail, first class postage pre-paid, upon:

Jacob A. Rose
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401

Counsel for Plaintiffs

8

## KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

ATTORNEYS AT LAW

2550 THOUSAND OAKS BOULEVARD • SUITE 2200 • MEMPHIS, TENNESSEE • 38118
Phone (901)795-6895 • Fax (901)795-1646

JONATHAN E. KAPLAN
JAY W. KIESEWETTER
ROBERT D. MEYERS
PAUL E. PRATHER
CARY SCHWIMMER
JOHN W. SIMMONS
J. EDWARD WISE

HOWARD L. CLEVELAND, IV
KAREN W. GROGNAU
LISA L. LEACH
W. TERRY SMITH, JR.
TODD R. TAYLOR
TANJA L. THOMPSON
DAVID S. WILSON, III
JASON G. WOLFKILL

HUMAN RESOURCES &
MANAGEMENT CONSULTANT

PATRICK T. FLEMING
(NON-ATTORNEY)

RESEARCH SPECIALIST

R. BRADLEY MONROE
(NON-ATTORNEY)

October 27, 2000

**VIA FACSIMILE AND U.S. MAIL**

Jacob A. Rose
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401

    Re:    Benford, et al v. Northwest Airlines, Inc.
             No. 00-6079–Civ–Dimitrouleas/Johnson

Dear Jake:

    I wish to depose the Plaintiffs in the above-referenced matter prior to December 15, 2000. I would prefer to depose the Plaintiffs on three consecutive days. Please let me know by November 3, 2000, all available dates for the depositions of the Plaintiffs. If I do not hear from you by November 3, I will notice the Plaintiffs for deposition.

    Pursuant to Judge Dimitrouleas' Order of September 12, 2000, and as requested in my letter of September 28, 2000, please forward to my attention a check made payable to Northwest Airlines, Inc. in the amount of $1,000.00  Thank you for your cooperation and prompt attention to these matters.

Sincerely,

W. Terry Smith, Jr.

WTS/im

**EXHIBIT**
1



**The Rose Law Firm, P.**

FLAGLER COURT BUILDING - SUITE 305
215 FIFTH STREET
WEST PALM BEACH, FLORIDA 33401

Jacob A. Rose
ATTORNEY AT LAW

TELEPHONE (561) 966-5119
FAX (561) 533-0417

October 31, 2000

*VIA FACSIMILE NO. 901-795-1646 and REGULAR MAIL*

W. Terry Smith, Jr., Esq.
KIESEWETTER WISE KAPLAN, ET AL
2650 Thousand Oaks Blvd., Suite 2200
Memphis, TN 38118

Re: **BENFORD, ET AL v. NORTHWEST AIRLINES, INC.**
   **DEPOSITION SCHEDULE**

Dear Terry,

I am in receipt of your correspondence received in our office October 30, 2000 via facsimile.

I will need to contact my clients to ascertain what dates they will be available in December for the taking of their deposition, and November 3, 2000 is insufficient time for me to correspond with them and get back to you.

Additionally, I am not available on December 15, 2000, but I am available other days in December. I am specially set for trial in *U.S. v. Pendergraft* on November 20, 2000, and that will be a three-week trial. Also, I am specially set in *Pfefferkorn v. City of Riviera Beach, Case No. 978987* and *Brochu v. City of Riviera Beach* Case No. 98-8031 on December 18, 2000.

Please understand that I am not opposed to doing the depositions in December on dates when my clients and I will be available, but I will not be able to let you know for certain by November 3, 2000 what dates we will be available.

Best regards,

Jacob A. Rose

JAR/mm
f:\wpdocs\marva\benford\smiths.ltr

**EXHIBIT 2**

OF COUNSEL:
Debra Rose     Lynden D. Rose / Licensed in Texas     Sharon Rose / Licensed in Bahamas & Great Britain



Jacob A. Rose
ATTORNEY AT LAW

FLAGLER COURT BUILDING · SUITE 306
215 FIFTH STREET
WEST PALM BEACH, FLORIDA 33401

TELEPHONE (561) 833-5110
FAX (561) 832-0417

November 17, 2000

*VIA FACSIMILE NO. 901-795-1646 and REGULAR MAIL*

W. Terry Smith, Jr., Esq.
KIESEWETTER WISE KAPLAN, ET AL
2650 Thousand Oaks Blvd., Suite 2200
Memphis, TN 38118

Re: **BENFORD, ET AL v. NORTHWEST AIRLINES, INC.**
**DEPOSITION SCHEDULE**

Dear Terry,

I am in receipt of your correspondence and Notices of Deposition in the above matter. My trial that was previously scheduled for November 20, 2000, has been reset for December 11, 2000 and is anticipated to last three (3) weeks. I am enclosing a copy of the Court's Order resetting trial of *U.S.A. v. Pendergraft*.

Please give us a call so that we can coordinate new dates and time for the depositions.

Best regards,

Jacob A. Rose

JAR/mm

Enclosure

f:\wpdocs\marve\benford\smith6-ltr

**EXHIBIT 3**

OF COUNSEL:
Debra Rose        Lynden B. Rose / Licensed in Texas        Sharon Rose / Licensed in Bahamas & Great Britain



**The Rose Law Firm, P.A.**

FLAGLER COURT BUILDING · SUITE 305
215 FIFTH STREET
WEST PALM BEACH, FLORIDA 33401

Jacob A. Rose
ATTORNEY AT LAW

TELEPHONE (561) 655-5113
FAX (561) 833-0417

December 5, 2000

*VIA FACSIMILE NO. 901-795-1646 and REGULAR MAIL*

W. Terry Smith, Jr., Esq.
KIESEWETTER WISE KAPLAN, ET AL
2650 Thousand Oaks Blvd., Suite 2200
Memphis, TN 38118

Re:  *BENFORD, ET AL v. NORTHWEST AIRLINES, INC.*
     *DEPOSITION SCHEDULE*

Dear Terry,

I apologize for mistakenly relaying to you that calendar call in the cases of *Brochu v. City of Riviera Beach*, Case No. 98-8031-CIV-RYSKAMP and *Pfefferkorn v. City of Riviera Beach*, Case No. 97-8987-CIV-RYSKAMP, which is on the trial calendar for December 18, 2000, is tomorrow. Calendar call is actually next week Wednesday, December 13, 2000. We have been informed, however, that we are the number one case on the trial docket and the Court will not consider removing it until calendar call. Obviously, I will not be attending calendar call and one of the co-counsel on the case will be handling that matter. But I now know that I will be in trial the week of December 11, 2000, in *U.S.A. v. Pendergraft, et al* and possibly, though not likely, the week of December 18, 2000.

After noting that *Brochu v. City of Riviera Beach* and *Pfefferkorn v. City of Riviera Beach* are the oldest cases on his docket and set as the number one cases for December 18, 2000, the Court wants to keep them on the docket in the event that the *Pendergraft* trail concludes by the end of the week of December 11, 2000. Consequently, I would not be able to have the depositions of my clients taken either of those two weeks so I would like for us to fall back on our "plan B" and have the depositions taken during the first week of January 2001.

As I mentioned to you, both of my associates have separated from my office in the last month, and I will not have replacements for them until the beginning of January.

**EXHIBIT 4**

OF COUNSEL:
Debra Rose        Lynden B. Rose / Licensed in Texas        Sharon Rose / License

W. Terry Smith, Jr., Esq.
December 5, 2000
Page -2-

Also, further confirming our conversation, I have blocked out the first week of January 2001 for the Plaintiffs' depositions, and would like for you to let me know which days are most convenient for you.

I will be out of the office on Thursday, but I have instructed my secretary to reserve whatever times you would like during the first week of January for the depositions.

Best regards,

*Jake*
Jacob A. Rose

JAR/mm

cc:   Clients

f:\wpdocs\marva\beaford\smith7.ltr

# KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

### ATTORNEYS AT LAW

2850 THOUSAND OAKS BOULEVARD • SUITE 2290 • MEMPHIS, TENNESSEE • 38118
Phone (901)766-0085 • Fax (901)766-1040

JONATHAN F. KAPLAN
JAY W. KIESEWETTER
ROBERT G. MEYERS
PAUL E. PRATHER
CARY SCHWIMMER
JOHN W. SIMMONS
J. EDWARD WISE

HOWARD L. CLEVELAND, IV
KAREN W. CROCHAU
LISA L. LEACH
GEORGE W. LOVELAND, II
PHILLIS R. MORGAN
W. TERRY SMITH, JR.
TODD E. TAYLOR
TANJA L. THOMPSON
DAVID E. WILSON, IV
JASON O. WOLFKILL

HUMAN RESOURCES &
MANAGEMENT CONSULTANT
PATRICK T. FLEMING
(NON-ATTORNEY)

RESEARCH SPECIALIST
R. BRADLEY MOKROS
(NON-ATTORNEY)

December 11, 2000

### Via Facsimile & First Class Mail

Jacob A. Rose
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401

    Re:    Benford, et al v. Northwest Airlines, Inc.
             No. 00-6079–Civ–Dimitrouleas/Johnson

Dear Jake:

       I have tried to telephone you several times both this morning and on Friday, without getting any answer at your firm. I wanted to further discuss with you the deposition dates for the plaintiffs in the above-referenced matter. According to your voicemail on Thursday, December 7, 2000, you are now unavailable during the first week of January as we previously discussed. You indicated you have a trial beginning on January 2, 2001 that you anticipate will last approximately 7 days. As such, enclosed are notices scheduling the plaintiffs' depositions for January 10-12, 2001.

       As you know, we have been attempting to reschedule the plaintiffs' depositions, originally noticed for December 13-15, 2000, because of your trial schedule. You have notified us that you have trial the week of December 11th, the week of December 18th, and now a trial beginning the week of January 2, 2001. We must insist that the plaintiffs' depositions go forward on January 10th-12[th] because of the discovery cut-off date of February 9, 2001, and the dispositive motion deadline of February 16, 2001.



EXHIBIT 5

KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

Jacob A. Rose
December 11, 2000
Page 2

Please do not hesitate to contact me if you have any questions or comments.

Sincerely,

W. Terry Smith, Jr.

WTS/im



**The Rose Law Firm, P.A.**

FLAGLER COURT BUILDING · SUITE 305
215 FIFTH STREET
WEST PALM BEACH, FLORIDA 33401

Jacob A. Rose
ATTORNEY AT LAW

TELEPHONE (561) 832-5112
FAX (561) 833-0417

December 15, 2000

*VIA FACSIMILE NO. 901-795-1646 and REGULAR MAIL*

W. Terry Smith, Jr., Esq.
KIESEWETTER WISE KAPLAN, ET AL
2650 Thousand Oaks Blvd., Suite 2200
Memphis, TN 38118

Re: **BENFORD, ET AL v. NORTHWEST AIRLINES, INC.**
**DISCOVERY SCHEDULE**

Dear Terry,

I want to bring to your attention certain matters concerning scheduling that in my view, necessitate the filing of a motion for enlargement of time to complete discovery.

After our hearing before Judge William Hodges in *U.S.A. v. Pendergraft, et al*, it became clear that, due to the complexity of the case and the attendant jury selection process, I will be in trial in that case until Friday, January 12, 2001.

Judge Ryskamp, in *Brochu v. City of Riviera Beach*, has specially set me to begin trial on January 16, 2001, the first business day after the *Pendergraft* trial ends. *Brochu* is expected to last two weeks.

Both judges have been working with each other in an attempt to make sure that these cases, top priorities to them, are tried as expeditiously as possible.

In this regard, I believe it is appropriate to bring this matter to the attention of Judge Dimitrouleas so that he could give us additional time to complete discovery, preferably six months. If you have a suggestion of another time-frame or whether there is another way this can be handled, please let me know and I will do my best to do whatever is necessary to insure all of our legitimate interests are protected before the Court.

**EXHIBIT 6**

OF COUNSEL:
Debra Rose        Lynden B. Rose / Licensed in Texas        Sharon Rose / Licensed in Bahamas

W. Terry Smith, Jr., Esq.
December 15, 2000
Page -2-

The *Pendergraft* case will not be resolved, but there is a slim possibility that the *Brochu* case could be. If that occurs, then I will have a block of time available immediately after the *Pendergraft* trial. Out of an abundance of caution, however, I believe it is best that we ask the Court's direction or seek an enlargement of time.

Thank you for your consideration.

Best regards,

Jacob A. Rose

JAR/mm

cc:     Clients

f:\wpdocs\marve\benford\smiths.ltr

## KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

ATTORNEYS AT LAW

2650 THOUSAND OAKS BOULEVARD • SUITE 2200 • MEMPHIS, TENNESSEE • 38118
PHONE (901)795-6895 • FAX (901)795-1646

JONATHAN E. KAPLAN
JAY W. KIESEWETTER
ROBERT D. MEYERS
PAUL E. PRATHER
CARY SCHWIMMER
JOHN W. SIMMONS
J. EDWARD WISE

HOWARD L. CLEVELAND, IV
KAREN W. CROGMAN
LISA L. LEACH
GEORGE W. LOVELAND, II
PHILLIP R. MORGAN
W. TERRY SMITH, JR.
TODD E. TAYLOR
TANJA L. THOMPSON
DAVID E. WILSON, III
JASON G. WOLFRILL

HUMAN RESOURCES &
MANAGEMENT CONSULTANT
PATRICK T. FLEMING
(NON-ATTORNEY)

RESEARCH SPECIALIST
R. BRADLEY MCKROB
(NON-ATTORNEY)

December 18, 2000

### Via Facsimile & First Class Mail

Jacob A. Rose
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, Florida 33401

    Re:    <u>Benford, et al v. Northwest Airlines, Inc.</u>
             No. 00-6079-Civ-Dimitroulcas/Johnson

Dear Jake:

    I am in receipt of your letter dated December 15, 2000, and I must admit that I am confused and concerned about your ever changing trial schedule which has caused us to reschedule the plaintiffs' depositions on more than one occasion. My confusion arises because you have been asserting that you are unavailable to produce the plaintiffs for deposition since November based on the trial settings in the same three cases.

    As you know, in correspondence dated October 27, 2000, I requested available dates from you to depose the plaintiffs prior to December 15, 2000. (October 27, 2000 letter attached as Exhibit 1). In response to my letter you faxed me correspondence dated October 31, 2000 stating that you were not available beginning November 20, 2000 for <u>three</u> weeks because of trial in *U.S. v. Pendergraft*. (October 31, 2000 letter attached as Exhibit 2). You also asserted at that time that you were not available beginning December 18, 2000 because of trial settings in *Pfefferkorn v. City of Riviera Beach*, and *Brochu v. City of Riviera Beach*. So as to accommodate your trial schedule, we noticed the plaintiffs for deposition on December 13, 14, and 15, 2000. (November 3, 2000 letter and notices of deposition attached as Exhibits 3 and 4 respectively).



EXHIBIT 7

KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

Jacob A. Rose
December 18, 2000
Page 2

In correspondence dated November 17, 2000, you informed me that trial in the case of *U.S. v. Pendergraft*, which had been set for a three-week trial beginning November 20, 2000, had been rescheduled for trial beginning on December 11, 2000. (November 17, 2000 letter attached as Exhibit 5).

In a telephone conversation between us on December 5, 2000, you informed me that you were still scheduled for trial on December 11, 2000 in *Pendergraft*, and for trial in *Brochu* and *Pfefferkorn* on December 18, 2000. In an effort to again accommodate your schedule, we agreed to depose the Plaintiffs during the first week of January 2001. (December 5, 2000 letter attached as Exhibit 6).

Two days later on December 7, 2000, I received a voice mail from you stating that you had become unavailable during the first week of January 2001, because you had a trial scheduled to begin on January 2, 2001, which you expected to last for approximately 7 days. Reluctantly, we again agreed to reschedule the plaintiffs' depositions and noticed the plaintiffs for deposition on January 10, 11, and 12, 2001. As stated in my correspondence dated December 11, 2000, we insisted that the depositions go forward as noticed on January 10th-12th because of the discovery cut-off date of February 9, 2001, and the dispositive motion deadline of February 16, 2001. (December 11, 2000 letter and notices of deposition attached as Exhibits 7 and 8 respectively).

Now, after our repeated attempts to accommodate your schedule, you have now informed me, in your correspondence dated December 15, 2000, that you will be in trial in *U.S. v. Pendergraft* until January 12, 2001, and are now scheduled for trial in *Brochu* for January 16, 2001 and that the *Brochu* case is expected to last for two weeks. (December 15, 2000 letter attached as Exhibit 9). In addition, you stated in your December 15th correspondence that you now wish to bring this matter to the attention of Judge Dimitrouleas and seek an additional six months to complete discovery.

I assume that you would not have accepted this case unless you had adequate staffing and resources to meet the Court's schedule in this case to which you agreed. Also, I do not know what to believe with regard to your constantly changing trial schedule. It may be sheer coincidence that the every time we schedule the plaintiffs for deposition, that either the *Pendergraft*, *Pfefferkorn*, or *Brochau* cases are rescheduled for the same time. I would imagine that given the courts' apparent flexibility as to when to try these three cases, that if

KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

Jacob A. Rose
December 18, 2000
Page 3

you informed the court that you have depositions scheduled date certain that the court would accommodate your schedule. Because of the impending discovery and dispositive motion dates, we intend to depose the plaintiffs on January 10th-12th as noticed unless you obtain a protective order from the Court to the contrary. Pursuant to Fed. R. Civ. P. 30(g)(1) we will seek attorneys' fees and expenses in the event plaintiffs fail to attend as noticed.

Also, be advised that we do not agree to any extension of the discovery cut-off date, and will oppose any such motion.

Sincerely,

W. Terry Smith, Jr

WTS/im
Enclosures