## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6079–Civ–Dimitrouleas/Johnson

| | |
|---|---|
| BLANCHE BENFORD, | ) |
| CLAVEDIA BROS, and | ) |
| MADIE MOORE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTHWEST AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

NIGHT BOX
FILED
JAN 26 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER
### AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 26(c) Northwest Airlines, Inc. ("Northwest"), respectfully requests that this Court enter an immediate Order protecting Northwest from Plaintiffs' improper Notice of Taking Deposition Duces Tecum ("notice") served on January 22, 2001, and Plaintiffs' improper Re-Notice of Taking Deposition Duces Tecum ("re-notice") served on January 26, 2001. (Notice of Taking Deposition Duces Tecum attached as Exhibit 1; Re-Notice of Taking Deposition Duces Tecum attached as Exhibit 2)..)

As grounds for this Motion, Northwest states:



1.  Plaintiffs' notice seeks to depose the "[d]esignated Corporate Representative of Northwest Airlines with most knowledge about the facts and the circumstances in Plaintiffs' Complaint" pursuant to Fed. R. Civ. P. 30(b)(6) on February 2, 2001.[1]

2.  Following receipt of Plaintiffs' notice, counsel for Northwest contacted Plaintiffs' counsel on January 25, 2001, and informed him that Plaintiffs' notice was improper and that Northwest would be forced to file a motion for protective order unless written confirmation was received from Plaintiffs that their notice was not valid. (January 25, 2001 correspondence confirming conversation attached as Exhibit 3).

3.  On January 26, 2001, Plaintiffs served their re-notice to depose the "Designated Corporate Representative or Representatives of Northwest Airlines with the most knowledge about the factual bases in Defendant's Answer, Affirmative and other Defenses of Plaintiffs Blanche Benford, Clavedia Bros and Madie Moore's Complaint. (If there are more than one person(s) who could be designated, please produce those person(s) at the appointed time an place)" pursuant to Fed. R. Civ. P. 30(b)(6) on February 2, 2001.

---

[1] Plaintiffs' Notice of Taking Deposition Duces Tecum is the first communication between Plaintiffs' counsel and Northwest's counsel regarding the deposition of Northwest management personnel. Plaintiffs' improper notice and re-notice signifies the continuation of Plaintiffs' disregard for the discovery rules. In fact, Plaintiffs have failed to comply with the Court's Order of September 12, 2000 granting Northwest fees and expenses of $1,000.00 as a result of Northwest's motion to compel Plaintiffs' responses to Northwest's written discovery.

2

4. Federal Rule of Civil Procedure 30(b)(6) provides that "a party may in the party's notice . . . name as the deponent a public or private corporation . . . and describe *with reasonable particularity* the matters on which examination is requested." (emphasis added). Plaintiffs' designation of the corporate representative in both their notice and re-notice does not meet the standard of "reasonable particularity" as required by Fed. R. Civ. P. 30(b)(6).

5. This case involves three plaintiffs with separate and distinct factual allegations underlying their claims. Moreover, Plaintiffs' Complaint includes 40 numbered paragraphs with 45 subparagraphs.

6. Plaintiffs' designation of a corporate representative, whether in the notice or re-notice, is insufficient to meet the requirements of "reasonable particularity" under Fed. R. Civ. P. 30(b)(6) since Plaintiffs' notice and re-notice, in effect, unreasonably places the burden on Northwest to guess as to the subject matter sought by Plaintiffs and as to the identity of the individual whom Plaintiffs wish to examine. Federal Rule of Civil Procedure 30(b)(6) does not sanction placing such a burden on the party sought to be examined. *See U. S. v. Gahagan Dredging Corp.*, 24 F.R.D. 328 (D.C.N.Y. 1958) (plaintiffs' notice to take testimony of defendant's officer familiar with matters alleged in plaintiffs' complaint was insufficient to meet the requirements of Rule 30).

7. Northwest understands that Fed. R. Civ. P. 30(b)(6) imposes an obligation on it to provide a representative who can answer the particular questions presaged by Plaintiffs' notice. However, because Plaintiffs' notice is vague and seeks potentially diverse and

3

voluminous information, Northwest is unable to comply with its Rule 30(b)(6) obligations.

8. Northwest is not opposed to providing current managerial employees for deposition within the discovery period if given proper and sufficient notice.

9. Plaintiffs' notice requesting "any and all documents regarding defenses and affirmative defenses you intend to offer into evidence at the trial of this cause," and Plaintiffs' re-notice requesting "any and all documents which they rely on to support the factual bases of the Answer, Affirmative and other Defenses," is a form of discovery and subject to the Court's discovery deadline. Accordingly, the Plaintiffs cannot avoid the procedural requirements and limitations for document requests imposed under Fed. R. Civ. P. 34 by attempting to obtain documents through a notice duces tecum. The Plaintiffs' document requests are untimely and violates the discovery completion deadline set forth in the Court's Scheduling Order because the Plaintiffs failed to serve a request for production requesting these documents 30 days prior to February 9, 2001.

10. In addition, the requests for documents in Plaintiffs' notice and re-notice are overly broad and unduly burdensome, and improperly seeks the mental impressions, opinions, and trial strategies of Northwest's counsel. Northwest will exchange trial exhibits with Plaintiffs if and when required by this Court.

WHEREFORE, for the reasons set forth above, Northwest respectfully requests that this Court enter an Order protecting it from complying with Plaintiffs' Notice of Taking Deposition Duces Tecum and Plaintiffs' Re-Notice of Taking Deposition Duces Tecum.

Respectfully submitted,

CARY SCHWIMMER
Tennessee Bar No. 14026
W. TERRY SMITH, JR.
Tennessee Bar No. 19179

KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATHER, PLC
2650 Thousand Oaks Boulevard, Suite 2200
Memphis, Tennessee 38118
Voice: (901) 795-6695
Fax:   (901) 795-1646
E-mail: cschwimmer@kiesewetterwise.com
E-mail: tsmith@kiesewetterwise.com

ATTORNEYS FOR
NORTHWEST AIRLINES, INC.

Kenneth W. Watrway
Florida Bar No. 0994235
HEINRICH GORDON HARGROVE
WEIHE & JAMES, P.A.
500 East Broward Boulevard - Suite 1000
Fort Lauderdale, Florida 33394-3092
Voice: (954) 527-2800
Fax: (954) 524-9481
e-mail: kwatrway@heinrichgordon.com
LOCAL COUNSEL FOR
NORTHWEST AIRLINES, INC.

5

## CERTIFICATE OF SERVICE

I do hereby certify that on this 26th day of January, 2001, one true and correct copy of of the foregoing was served by U.S. Mail, first class postage pre-paid, and via facsimile upon:

>Jacob A. Rose
>The Rose Law Firm, P.A.
>215 Fifth Street
>Suite 305
>West Palm Beach, Florida 33401
>Counsel for Plaintiffs

By: _____
>Kenneth W. Watrway
>Florida Bar No. 0994235
>HEINRICH GORDON HARGROVE
>WEIHE & JAMES, P.A.
>500 East Broward Boulevard - Suite 1000
>Fort Lauderdale, Florida 33394-3092
>Voice: (954) 527-2800
>Fax: (954) 524-9481
>e-mail: kwatrway@heinrichgordon.com
>LOCAL COUNSEL FOR
>NORTHWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6079-CIV-DIMITROULEAS/Johnson

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

Defendant.
_____/

### NOTICE OF TAKING DEPOSITION DUCES TECUM

**DUCES TECUM: ANY AND ALL DOCUMENTS REGARDING DEFENSES AND AFFIRMATIVE DEFENSES YOU INTEND TO OFFER INTO EVIDENCE AT THE TRIAL OF THIS CAUSE.**

TO: W. Terry Smith, Esq., Jr.
KIESEWETTER WISE KAPLAN
SCHWIMMER & PRATER, PLC
2650 Thousand Oaks, Blvd., Suite 2200
Memphis, TN 38118

**PLEASE TAKE NOTICE** that the counsel for Plaintiffs will take by oral examination, pursuant to FRCP Rule 30(b)(6), the deposition of the following person:

| DEPONENT | DATE | TIME |
|---|---|---|
| Designated Corporate Representative of NORTHWEST AIRLINES with most knowledge about the facts and circumstances in Plaintiffs' Complaint. | February 2, 2001 | 10:00 a.m. |


EXHIBIT 1

This deposition will be held at the Offices of The Rose Law Firm, P.A., 215 5th Street, Suite 305, West Palm Beach, FL 33401, Florida, before Interim Reporting, Official Court Reporters.

Respectfully submitted,

THE ROSE LAW FIRM, P.A.
Counsel for Plaintiffs
215 Fifth Street - Suite 305
West Palm Beach, FL 33401
Telephone: (561) 655-5113
Facsimile: (561) 833-0417

By: _____
JACOB A. ROSE
Florida Bar No. 212202

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of Plaintiffs' Notice of Taking Deposition Duces Tecum has been furnished by facsimile and regular mail this 22nd day of January 2001 to: W. Terry Smith, Esq., Jr., KIESEWETTER WISE KAPLAN SCHWIMMER & PRATER, PLC, 2650 Thousand Oaks, Blvd., Suite 2200, Memphis, TN 38118.

_____
JACOB A. ROSE

f:\wpdocs\mary\sanford\depo.mt

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6079-CIV-DIMITROULEAS/Johnson

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

 Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

 Defendant.
_____/

## RE-NOTICE OF TAKING DEPOSITION DUCES TECUM

TO: W. Terry Smith, Esq., Jr.
 KIESEWETTER WISE KAPLAN
 SCHWIMMER & PRATER, PLC
 2650 Thousand Oaks, Blvd., Suite 2200
 Memphis, TN 38118

**PLEASE TAKE NOTICE** that the counsel for Plaintiffs will take by oral examination, pursuant to FRCP Rule 30(b)(6), the deposition of the following person:

| DEPONENT | DATE | TIME |
|---|---|---|
| Designated Corporate Representative or Representatives of NORTHWEST AIRLINES with the most knowledge about the factual bases in Defendant's Answer, Affirmative and other Defenses of Plaintiffs Blanche Benford, Clavedia Bros and Madie Moore's Complaint. (If there are more than one person(s) who could be designated, please produce | February 2, 2001 | 10:00 a.m. |

EXHIBIT 2

those person(s) at the appointed time and place). Those persons are directed to bring with them any and all documents which they rely on to support the factual bases of the Answer, Affirmative and other Defenses.

This deposition will be held at the Offices of The Rose Law Firm, P.A., 215 5th Street, Suite 305, West Palm Beach, FL 33401, Florida, before Interim Reporting, Official Court Reporters.

Respectfully submitted,

THE ROSE LAW FIRM, P.A.
Counsel for Plaintiffs
215 Fifth Street - Suite 305
West Palm Beach, FL 33401
Telephone: (561) 655-5113
Facsimile: (561) 833-0417

By: /S/
JACOB A. ROSE
Florida Bar No. 212202

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy of Plaintiffs' Re-Notice of Taking Deposition Duces Tecum has been furnished by facsimile No. 901-795-1646 and regular mail this 26th day of January 2001 to: W. Terry Smith, Jr., Esq., KIESEWETTER WISE KAPLAN SCHWIMMER & PRATER, PLC, 2650 Thousand Oaks, Blvd., Suite 2200, Memphis, TN 38118.

/S/
JACOB A. ROSE

2

## KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER, PLC

ATTORNEYS AT LAW

2850 THOUSAND OAKS BOULEVARD • SUITE 2200 • MEMPHIS, TENNESSEE • 38118
PHONE (901)795-0885 • FAX (901)795-1646

JONATHAN E. KAPLAN
JAY W. KIESEWETTER
ROBERT D. MEYERS
PAUL F. PRATHER
GARY SCHWIMMER
JOHN W. SIMMONS
J. EDWARD WISE

HOWARD L. CLEVELAND, IV
KAREN W. CROCHAU
LISA L. LEACH
GEORGE W. LOVELAND, II
PHILLIS R. MORGAN
W. TERRY SMITH, JR.
TODD E. TAYLOR
TAHJA L. THOMPSON
DAVID S. WILSON, III
JASON G. WOLFKILL

HUMAN RESOURCES &
MANAGEMENT CONSULTANT
PATRICK T. FLEMING
(NON-ATTORNEY)

RESEARCH SPECIALIST
R. BRADLEY MORRIS
(NON-ATTORNEY)

January 25, 2001

**Via Facsimile & First Class Mail**

Jacob A. Rose
ATTENTION: Marva
The Rose Law Firm, P.A.
215 Fifth Street
Suite 305
West Palm Beach, FL 33401

    Re:   Benford, et al v. Northwest Airlines, Inc.
            No. 00-6079-CIV-Dimitrouleas/Johnson

Dear Marva:

    This is to confirm our conversation this morning wherein we discussed the Plaintiffs' Notice of Taking Deposition Duces Tecum in the above-referenced matter. The purpose of my telephone call was to visit with Mr. Rose regarding our objection to the notice because the request for documents that "Northwest intends to offer into evidence at the trial" is untimely and violates the attorney work-product doctrine. In addition, the designation of a corporate representative "with most knowledge about the facts and circumstances in Plaintiffs' complaint" does not meet the requirement of "reasonable particularity" in Fed. R. Civ. P. 30(b)(6).

    As we discussed, Northwest will file a motion for protective order this afternoon unless we receive confirmation in writing from Mr. Rose that the notice is not valid. Pursuant to the requirement that we confer prior to filing our motion, I will note in our motion that Plaintiffs' counsel and Northwest's counsel were unable to reach agreement on this issue.

                                   Sincerely,

                                   W. Terry Smith, Jr.

WTS:st

**EXHIBIT 3**