UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-6079-CIV-DIMITROULEAS/Johnson

BLANCHE BENFORD,
CLAVEDIA BROS, and
MADIE MOORE,

     Plaintiffs,

vs.

NORTHWEST AIRLINES, INC.,

     Defendant.

_____/



### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiffs, by and through their undersigned counsel, and opposes the granting of

Defendant's Motion for Protective Order for the following reasons:

1.     On January 22, 2001, Plaintiffs set the deposition(s), pursuant to Fed.R.Civ.P.

30(b)(6), in order to obtain discoverable information from the person or persons most

knowledgeable about defenses and/or affirmative defenses asserted by the Defendant in this

action.

Fed.R.Civ.P. 30(b)(6) states, in pertinent part:

> A party may in the party's notice and in a subpoena name as the
> deponent a public or private corporation or a partnership or
> association or governmental agency and describe with
> reasonable particularity the matters on which examination is
> requested. In that event, the organization so named shall



designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

2.    As Plaintiffs understand the Defendant's Motion, it appears that there is some confusion with regard to whether more than one person will have to appear or whether they will have to appear with documents. Plaintiffs are simply seeking to find the best information that Defendant will rely upon at trial to defend this action and to have an opportunity to ask individual questions about those documents that may support the positions they intend to advance at trial. This is not an extraordinary feat and is merely a mechanism whereby individuals will be adequately apprised of facts which are the proper subject of discovery.

3.    As stated in previous submissions to the Court, there were a number of circumstances which prevented Plaintiffs' counsel from pursuing matters at an earlier date or to engaged in extensive discussion with Defendant's counsel regarding the matter under consideration, but all that is being sought is simply information that is easily accessible to the Defendant which, in fairness and efficiency, ought to be disclosed as permitted under the rules.

4.    Plaintiffs are not desirous of seeking a dismissal and then refiling this cause or even seeking a motion for an enlargement for an extended period of time within which to complete discovery and have a trial on this matter, but are desirous of doing whatever is most convenient to the parties and the Court to have this matter expeditiously brought to a conclusion.

5.   Although Plaintiffs' counsel has been in a trial for essentially the entire month of January, three weeks more than originally anticipated, Plaintiffs are willing collaborate with the Defendant on any schedule that would not impose any undue burden or hardship on either party as well as interrupt the regular administrative flow of action by the Court.

**WHEREFORE**, Plaintiffs pray that the relief sought by Defendant be denied and that Defendant be required to produce those individuals with the most knowledge concerning the cases of the individual Plaintiffs at a time set in the deposition or at another convenient time that is consistent with the Scheduling Order of the Court.

Respectfully submitted,
THE ROSE LAW FIRM, P.A.
215 Fifth Street, Suite 305
West Palm Beach, FL 33401
Tel: 561-655-5113
Fax: 561-833-0417

By: _____
JACOB A. ROSE
Florida Bar No. 212202

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion for Protective Order has been furnished by facsimile # 901-795-1646 and regular mail this __2__ day of February 2001 to: W. Terry Smith, Jr., Esq., KIESEWETTER WISE KAPLAN SCHWIMMER & PRATER, PLC, 2650 Thousand Oaks Blvd., Suite 2200, Memphis, TN 38118.

_____
JACOB A. ROSE

:\wpdocs\benford\oppose.mpo