**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6079-CIV-DIMITROULEAS/JOHNSON

BLANCHE BENFORD,
CLAVEDIA BROS and
MADIE MOORE,

    Plaintiff,

vs

NORTHWEST AIRLINES, INC.,

    Defendant.

_____/

FILED by D.C.
FEB - 6 2001
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Protective Order and Memorandum in Support Thereof (Docket Entry No. 41). This Court has reviewed the pleadings filed incident to this matter and is otherwise duly advised in t he premises. Accordingly it is hereby

**ORDERED AND ADJUDGED** that said motion is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent Defendant seeks to be relieved of any obligation to produce documents. Rule 30 requires that any production request accompanying a deposition notice be in accordance with Fed.R.Civ.P.34, which provides the responding party thirty (30) days within which to produce the documents in question. This rule ensures that a requesting party cannot get around Rule 34's requirements by seeking documents through a subpoena duces tecum for deposition.

Defendant's motion is denied to the extent Defendant seeks to be relieved of its obligation to produce a designated corporate representative or representatives most



knowledgeable about defenses and/or affirmative defenses asserted by Defendant in this action. Plaintiffs' description of the matters on which examination is requested is sufficient for purposes of fulfilling the reasonable particularity requirement of Fed.R.Civ.P.30(b)(6).

**DONE AND ORDERED** on February 6, 2001, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC: The Honorable William P. Dimitrouleas
Jacob A. Rose, Esquire (Fax No. 561/833-0417)
W. Terry Smith, Esquire, Jr., Esquire
(Fax No. 901/795-1646)

2